## NORTHERN ASSUR. CO. et al. v. LAWRENCE. (No. 1476.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 12, 1919. Rehearing Denied March 5, 1919.)

1. INSURANCE &key;389(2) — FIRE POLICIES— WAIVER OF CONDITIONS.

Conditions of forfeiture, because insured was not the unconditional owner, are waived where agents of insurer knew, at time of issuance of policy, that insured was not the unconditional owner.

2. INSURANCE &key;143(7)—FIRE POLICIES — DESCRIPTION.

If by mutual mistake or fraud property was omitted from the policy, the insured, to recover, must set up facts which would authorize reformation of the policy and seek recovery as if it were reformed.

3. INSURANCE &key;163(5)—FIRE POLICIES — DESCRIPTION.

Fire policies, describing goods as a stock consisting of display woolens and clothing, do not include clothing belonging to customers of the insured, a tailor, which was in his hands for repairing or pressing.

4. INSURANCE &key;648(2)—FIRE POLICY—ACTION—EVIDENCE.

In an action on a fire policy, which insured claimed covered clothing of customers in his possession for cleaning and pressing, where insured's predecessor, to whom the original policy, of which the one involved was a renewal, was issued, testified he told the agents

---

&key;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

he wanted the policy to cover such clothing, the agents may testify that insured's predecessor was told such clothing could not be insured.

**5. INSURANCE ☞648(2)—FIRE POLICY—ACTION—EVIDENCE.**

Statements by agents who wrote a fire policy, made after loss, as to their opinion of the meaning of the description, are not admissible, unless they be an expression of the understanding of the terms of the policy had at the time of issuance.

**6. EVIDENCE ☞244(13)—FIRE POLICY—ACTION.**

The statements of an agent, construing a fire policy after loss, are not admissible against the insurer to show the property included.

Appeal from Potter County Court; T. W. McBride, Judge.

Actions by J. W. Lawrence against the Northern Assurance Company and against the Commercial Union Fire Insurance Company, which were consolidated by agreement. From judgments for plaintiff, defendants appeal. Reversed and remanded.

Locke & Locke, of Dallas, and Veale & Lumpkin, of Amarillo, for appellants.

L. C. Barrett and J. N. Browning, both of Amarillo, for appellee.

BOYCE, J. Appellee, Lawrence, brought two suits, one against the Northern Assurance Company and one against the Commercial Union Fire Insurance Company, on policies of fire insurance issued by said respective companies. The policies were alleged to insure the same goods alleged to have been destroyed by fire, and the suits were consolidated by agreement. A trial resulted in judgment for appellee on said respective policies.

Appellee was conducting a tailor shop, and the goods destroyed by fire, for the loss of which the suit was instituted, consisted of clothing belonging to his customers and in his possession for cleaning, pressing, and repair, and the principal defense relied upon by appellants was that the policies did not cover these goods. The policy of the Northern Assurance Company was issued in the name of Brooks & Haley, the trade-name under which the appellee was doing business, and the goods insured thereby were described in a form attached to the policy, entitled "Mercantile Stock Form," as follows:

"$250.00 on their pressing machine. $250.00 on their stock, consisting of display woolens and clothing."

The policy of the Commercial Union Fire Insurance Company was issued to J. C. Haley, who at the time of its issuance owned and conducted the tailor shop, and who later sold to appellee, Lawrence, the policy being transferred to him, and the property was described in a form attached to the policy and likewise entitled "Mercantile Stock Form," as follows:

"$400.00 on his stock of merchandise, consisting principally of display woolens. $400.00 on his store and office furniture and fixtures, etc. $300.00 on clothing, while contained in the above-described building."

Each of the policies provided that it should be void "if the interest of the insured in the property be other than unconditional ownership," and that the company should not be liable, "unless liability is specifically assumed hereon for loss to property held on storage or for repairs." In reply to the pleadings of the defendant setting up these matters, the appellee pleaded that it was the mutual intention of the parties to the insurance contracts that they should include the character of property destroyed, and that, if the policies did not by their terms do so, the failure to properly describe the property intended to be insured was the result of mutual mistake. He also pleaded that the agents of the insurance companies knew, at the time of writing the insurance, that the clothing in the building was of the character stated and that by accepting the insurance and issuing the policies with such knowledge, any forfeiture on account of the fact that plaintiff was not the owner of the goods was thereby waived, and that the defendants were estopped from denying that the said goods were so insured. The theory of mistake seems to have been abandoned, and the case tried on the pleadings of waiver and estoppel.

[1, 2] If the description in the policies are sufficient to identify and include the property burned then the conditions of forfeiture, on account of the insured not being the sole and unconditional owner thereof, would be waived if the agents knew at the time of the issuance of the policies that the insured was not the owner of the goods. Wagner v. Westchester Fire Insurance Co., 92 Tex. 549, 50 S. W. 569, and many other authorities to the same effect; 10 Michie's Digest, p. 619. If, however, the property destroyed does not come within the description of the goods insured by the terms of the policy, then we have no insurance contract evidenced by the policy, and the theory of waiver of forfeiture as established by the decisions referred to, is not properly applicable. If it was the intention of the parties to contract for the insurance of the goods and this intention, by mutual mistake, or mistake on the part of appellee and fraud or inequitable conduct on the part of appellants, was not expressed in the policies, then appellee, in order to recover, must set up such facts as would authorize a reformation of the policy, and seek recovery thereon as if it were reformed to express the terms of the contract intended. Ætna Insurance Co. v. Brannon, 99 Tex. 391, 89 S. W. 1057, 2 L. R. A. (N. S.) 548, 13 Ann.

Cas. 1020; Delaware Insurance Co. v. Hill, 127 S. W. 286, 288; Conn v. Hagan, 93 Tex. 334, 55 S. W. 325; Pomeroy's Equity Jurisprudence (3d Ed.) § 1376.

[3] We do not think that the policies describe the clothing that was burned. The description contained in the filled-in portion of the policy of the Northern Insurance Company, "stock, consisting of display woolens and clothing," occurring in 'a form entitled "Mercantile Stock Form," clearly does not embrace the character of goods burned. They could not, with any propriety, be classed "stock," "mercantile stock," or "stock in trade." There might be some ambiguity on the face of the description in the form attached to the policy of the Commercial Union Fire Insurance Company, but in both policies the provision that there was to be no liability for goods held on storage or for repair would make it evident that it was not the intention of the policy to apply to the character of goods burned. If recovery is to be had on these policies, then it must be under allegations and proof of facts that would authorize the reformation of the contracts as above stated. The case was submitted to the jury on a wrong theory of the law, and while the issues of fact submitted in the charge were relevant to a decision as to the right of appellant to recover, not all the facts necessary to such right were submitted, so that we must sustain the objections to the charge of the court.

[4] It was error for the court to exclude the evidence of W. A. Askew as to the conversation had with J. C. Haley, prior to the issuance of the first policy written by the Commercial Union Fire Insurance Company. Appellee had introduced the testimony of J. C. Haley, from which it would appear that prior to taking out insurance he told Askew that he wanted the insurance to cover everything in the building, the clothing of his customers held for cleaning, etc., as well as his own clothing, and that he trusted the insurance agents to see that the policy covered everything intended to be insured, and from which testimony and that of plaintiff it would appear that the acts and conduct of the insurance agents, Askew, and Saunders, his partner, were such as to indicate either that it was their intention to cover such goods by the terms of the policies issued by them, or that a denial that such was their intention could not be in good faith asserted. It was offered to be proven in this connection that the policy sued upon was a renewal of a previous policy, issued to the said J. C. Haley, under the circumstances stated; in fact, it would appear from plaintiff's own testimony that such was a fact. Surely, then, Askew's evidence, in contradiction of the testimony of Haley, offered by appellee, to the effect that he explained to Haley that the clothing held for cleaning and repairs could not be insured, would be admissible.

[5, 6] No statements made by the insurance agents, Ordway, Bird, Saunders, or Askew, after the fire, as to the liability of the company, and their opinion as to what the description of the policy meant, would be admissible, except where it might reasonably be concluded, from the circumstances of the making of the statement, that it was an expression of an understanding of the terms of the policy, had at the time of the issuance thereof, in which event the testimony would, in our opinion, be admissible for the purpose of showing a continuing mistake under which such parties were as to the terms of the policy, as expressing the intention of the parties. The statements made by Saunders, taken alone, referred to in the seventh assignment, do not appear to be admissible under the conditions stated. The testimony of appellee and of Mrs. Whorton, as to statements made by Askew in their presence after the fire, was not admissible. It appears that these statements were made after an examination of the policy, and the conclusion then stated as to the meaning thereof was different from what he thought before such examination, as he appears to have stated at the time that he did not think—that is, before the examination—that the policy covered these goods. The insurance company could not be bound by the agent's interpretation of the contract after the fire, and as the statements contradict the idea that it had been his understanding at the time the policies were written that they included these goods, we do not think they are admissible. The insurance agent, Bird, did not appear to have had anything to do with the writing of the policies, and his statements in regard to liability are not admissible. Neither do we think the statements of the adjuster were admissible.

For the reasons stated, the judgment is, reversed, and the cause remanded.

⊜⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes