## FITCH v. LOMAX et al. (No. 1019—4980.)

Commission of Appeals of Texas, Section B. May 1, 1929.

Baker, Botts, Parker & Garwood, S. H. German, and Rodman S. Cosby, all of Houston, and Wells & Richards, H. L. Yates, and H. B. Galbraith, all of Brownsville, for plaintiff in error.

Graham & Graham and Seabury, George & Taylor, all of Brownsville, for defendants in error.

LEDDY, J. Homer L. Fitch, plaintiff in error, in the year 1921, purchased a large amount of real estate in the vicinity of the city of Brownsville from the New York & Brownsville Improvement Company, Limited, the consideration being paid partly in cash and partly by the execution of vendor's lien notes. The deed conveying this property to Fitch provided that the vendor, upon certain payments being made, would release any portion of the property resold by Fitch. After selling a substantial portion of the property, Fitch was unable to meet payments on the purchase money of said property due his vendor, and, in order to prevent foreclosure, he conveyed a one-half interest in his holdings to John T. Lomax and E. G. Henson, defendants in error. Before disposing of this one-half interest in the property he had contracted to sell a number of parcels of the land. In many of these sales he had collected only a part of the consideration he was to receive, and therefore had not procured from his vendor the release of those tracts as he was privileged to do under the terms of the instrument conveying the property to him. On these particular sales he had collected $20,044.26.

Defendants in error Lomax and Henson brought this suit against Fitch to recover certain sums they had advanced out of their individual funds for the improvement of these properties while operating as partners with Fitch and also to recover $10,022.13, being one-half of the moneys Fitch had collected from the sale of lots prior to their becoming partners in the property.

The deed from Fitch to Lomax and Henson contained a clause obligating Fitch to pay Lomax and Henson all moneys he had already collected on sales of property for which no releases had been procured from his vendor. Fitch by pleadings and evidence in the trial court presented the issue that this clause did not represent the true agreement of the parties and that the same was inserted in the deed by fraud, accident, or mistake; that the real agreement was that he was selling Lomax and Henson a one-half interest in his property as the same existed at the time of the sale, and that money which he had collected under sales contracts and spent was not agreed to be included in such sales; that such sale merely covered all property in connection with this project then owned by him.

Lomax and Fitch pleaded that the deed as written represented the true contract between the parties, and further pleaded that Fitch was estopped to deny the binding effect of this clause of the deed for the reason that after he discovered the same had been placed therein, he remained silent and permitted them to pay a substantial portion of the consideration.

The case was tried with a jury. In answer to the first special issue submitted, the jury found that Fitch and Lomax and Henson never agreed, as a part of the consideration of the deed from Fitch to Lomax and Henson, that Fitch should pay the grantees one-half of the proceeds which had been previously collected from sales made prior to said deed, but for which no releases had been secured.

No issue of estoppel was submitted to the jury. The transcript does not disclose that any request was made for the submission of such issue. It is made to appear, however, by a certified copy of a requested instruction, that defendants in error did request the submission of such issue, and plaintiffs in error have agreed that such copy may be considered by this court as a part of the record.

Notwithstanding the finding of the jury that the parties never agreed that Fitch should pay over moneys he had already collected at the time of the conveyance, the court rendered judgment in favor of Lomax and Henson permitting them to recover against Fitch the item of $10,022.13 being one-half of the amount thus collected, and also for the sum of $10,599.72 covering other indebtedness found by the jury to be due by Fitch, together with 6 per cent. interest thereon from May 9, 1925.

The judgment of the Court of Civil Appeals upheld this action of the trial court upon the theory that Fitch in his pleadings having prayed for a reformation of the deed so as to express the true contract of the parties, was not entitled to be protected from a recovery of the judgment unless an actual reformation of the deed was had, and that inasmuch as it appeared upon the trial Fitch had expressly waived an actual reformation he was bound by the terms of the deed, and upon the further ground that Fitch was estopped to deny the binding effect of the clause which the jury found was improperly inserted in the deed because he remained silent after discovering the deed contained said clause, and permitted the purchasers to pay a substantial portion of the consideration.

Recovery of this item by Lomax and Henson cannot, in our opinion, be sustained on either of the grounds assigned by the Court of Civil Appeals. The finding of the jury that there was no agreement that Fitch should pay Lomax and Henson one-half of the moneys already collected by him on resales for which releases had not been procured precludes the application of the doctrine of estoppel by silence. The record shows that Lomax and Henson and one other witness offered by them swore positively that the stipulation in controversy was deliberately inserted in the deed, because it represented the true agreement of the parties. The testimony of Fitch and other witnesses disputed the proposition that such stipulation represented the true agreement. The jury having accepted Fitch's version that no such agreement was made, leaves the matter in the attitude that Henson and Lomax caused a provision to be inserted as a part of the consideration of the deed to which Fitch had not agreed. Under such circumstances, no duty devolved upon Fitch to notify Lomax and Henson of a fact of which they already had actual knowledge. Harrell v. City of Lufkin (Tex. Com. App.) 280 S. W. 175; Miller v. Babb (Tex. Com. App.) 263 S. W. 253.

If Lomax and Henson deliberately caused this provision to be placed in the contract, knowing it had not been agreed to by Fitch, it would constitute actual fraud. If they caused it to be placed therein under the mistaken belief that it had been in fact agreed to by Fitch, it would constitute a constructive or legal fraud. It has been held that silence cannot be used as an estoppel to prevent a party from setting aside an instrument where its execution has been procured by fraud. Texas Banking Co. v. Hutchins, 53 Tex. 71, 37 Am. Rep. 750; Chambers v. Wyatt (Tex. Civ. App.) 151 S. W. 865.

There is still another reason why the issue of estoppel is eliminated from the case under the jury's finding. In order for an estoppel to exist, it devolves upon the party seeking the advantage thereof to establish that he has been misled to his injury. Lomax and Henson have failed to establish that Fitch's silence in regard to the stipulation in question misled them to their injury. If Fitch had notified them immediately upon his discovery of the stipulation in the deed, they would not have been justified in refusing to pay the consideration actually agreed upon. The jury found that the real contract made by the parties was the deed minus the stipulation in question. If, therefore, they had been informed by Fitch that he had not agreed to the controverted stipulation, they would still have been legally compelled to perform the agreement which the jury found represented the actual contract between the parties.

Neither can the holding of the Court of Civil Appeals be upheld upon the other ground assigned, which is that Fitch having abandoned his prayer for reformation of the contract, the same stood unimpeached and had to be enforced as written. Our Supreme Court distinctly held in the case of Ætna Ins. Co. of Hartford, Conn., v. Brannon, 99 Tex. 391, 89 S. W. 1057, 2 L. R. A. (N. S.) 548, 13 Ann. Cas. 1020, that it was not essential that reformation be had of a written instrument,

which did not represent the true contract by reason of fraud or mistake, in order to permit a party to recover thereon. In discussing the question Judge Williams said: "This brings us to the inquiry, 'Would plaintiff be entitled to recover without the necessity of having the contract reformed as to description?' etc., by which we understand the Court of Civil Appeals to inquire whether or not it would be necessary for the plaintiff, before he could recover the amount of the insurance upon the facts stated, to pray for and secure a decree reforming the policy; and this we answer in the negative."

In the course of the opinion it was further stated: " * * * But if he did so, the remedy to which he would be entitled would be a direct judgment in accordance with the true contract thus shown, for the recovery of the money, just as if there had been first a reformation of the policy. This procedure is made proper by the abolition of all distinctions between law and equity."

To the same effect are the following cases: Gilles v. Miners' Bank of Cartersville, Mo. (Tex. Civ. App.) 198 S. W. 170; National Union Fire Insurance Co. v. Patrick (Tex. Civ. App.) 198 S. W. 1050; Alfalfa Lumber Co. y. Mudgett (Tex. Civ. App.) 199 S. W. 337; Northern Assurance Co. v. Lawrence (Tex. Civ. App.) 209 S. W. 430; Markum v. Markum (Tex. Civ. App.) 210 S. W. 835; Miller v. McAden (Tex. Civ. App.) 253 S. W. 901; Baker et al. v. Liverpool & London & Globe Ins. Co., Ltd., et al. (Tex. Civ. App.) 275 S. W. 316.

The answer of the jury to special issue No. 1, which found in favor of Fitch on the issue as to whether the controverted stipulation in the deed represented the agreement of the parties, was a material one under the pleadings and the evidence; hence the court was not authorized to render a judgment contrary to such finding. Under the circumstances it was the duty of the court to either set aside such finding or render a judgment in accordance therewith. Ablowich v. Greenville Nat. Bank, 95 Tex. 429, 67 S. W. 79, 881; Parker v. Solis (Tex. Civ. App.) 277 S. W. 717; Compton v. Skeeters (Tex. Civ. App.) 250 S. W. 201.

We also conclude that in so far as the judgment awards Lomax and Henson interest, the same is erroneous. It is shown that after the partnership of Fitch, Lomax, and Henson had operated for some time, Fitch sold his undivided one-half interest in the partnership assets to Lomax and Henson. At that time Lomax and Henson insisted that Fitch was indebted to them in the sum of $23,804.48, for which they claimed an equitable lien on the partnership assets. In order to secure the payment of the amount claimed to be due them from Fitch, they retained out of the consideration which they were to pay him for his interest in the property the sum of $23,804.48, and deposited it under an es-

crow agreement of date May 9, 1925, with the Guardian Trust Company of Houston, the trust company agreeing to pay 6 per cent. interest on the amount so deposited until paid out upon agreement of the parties as to the correct amount owing by Fitch, and if no agreement was reached, the same was to be subject to the judgment of the court finally determining such amount.

It appears that later Lomax and Henson desired to subscribe for 200 shares of stock in the First National Bank of Brownsville, which was then being organized, and for this purpose entered into a written agreement with Fitch, under date of July 1, 1925, by which it was agreed that they might withdraw said sum of money from the escrow agent and purchase said stock, they agreeing to pay any amount which it might subsequently be determined Fitch was entitled to, and they placed such stock as collateral to secure the faithful performance of their agreement.

In the judgment in favor of Lomax and Henson against Fitch the court awarded them interest at 6 per cent. from May 9, 1925, the date of the original escrow agreement. Inasmuch as Lomax and Henson took possession of the money which was due Fitch as a part of the consideration of the purchase of Fitch's property and invested it in bank stock, we think it was improper to award them interest on the judgment in their favor as they have not been deprived of the use of the money during the time for which interest has been awarded. During all of this time the bank stock belonged to them, with whatever increase there might be in its value, and they have at all times been entitled to receive all dividends declared thereon. Under the circumstances, there has been no detention of the money by Fitch for which he should be penalized by the payment of interest.

We therefore recommend that the judgment of the Court of Civil Appeals be affirmed as to Fitch's cross-action; that the judgment in favor of Lomax and Henson against Fitch for the sum of $10,599.72 be reformed so as to eliminate the recovery of any interest thereon, and as reformed the same should be affirmed; that that part of the judgment awarding Lomax and Henson a recovery against Fitch for the item of $10,022.13, with interest thereon, be reversed, and here rendered in favor of plaintiffs in error. All costs of this appeal should be taxed against defendants in error.

CURETON, C. J. Judgment of the Court of Civil Appeals is affirmed as to Fitch's cross-action and reformed as to judgment in favor of Lomax and Henson against Fitch for $10,597.72 so as to eliminate interest thereon, and judgment of Court of Civil Appeals in favor of Lomax and Henson against Fitch for $10,022.13 and interest is reversed,

and judgment as to said item rendered for plaintiffs in error, with costs taxed against defendants in error, as recommended by the Commission of Appeals.