**COMMERCIAL STANDARD INS. CO. v. ROLAND et al.**

No. 4216.

Court of Civil Appeals of Texas. Texarkana.

June 9, 1932.

Rehearing Denied June 16, 1932.

Touchstone, Wight, Gormley & Price, of Dallas, for appellant.

Clark, Harrell & Clark, of Greenville, and O. C. Mulkey, of Commerce, for appellees.

LEVY, J.

The action was by C. F. Roland against C. P. Simpson for damages to a truck in the sum of $550, and for personal injury sustained in the sum of $620, aggregating $1,170. On the public highway near Mineola the plaintiff's truck and the defendant's truck with a trailer had a head-on collision alleged to have been proximately caused by the negligent operation of the defendant's agent in charge of the truck. The defendant C. P. Simpson impleaded the Commercial Standard Insurance Company as his insurer against damages to the person and property of others, and by cross-action sought to recover over and against it for whatever sum the plaintiff may recover against him. The cross-action set up that the insurance company on November 15, 1930, issued its policy No. 401805 insuring him against loss and expenses arising from a collision as sued on. The insurance company made appearance, and, pleading to the plaintiff's petition, set up, besides general denial, several grounds of contributory negligence and accident. The insurance company, besides general denial, further pleaded as against the cross-action: "Further answering, if need there be, this defendant denies that it had any policy of insurance or any written contract of insurance of any kind upon the truck claimed by the defendant to be involved in the accident with the truck of the plaintiff Roland, and further says that no such contract or policy of insurance was made, written, executed or issued by it or by any one having any authority to bind it in any capacity." The answer was verified by affidavit.

The case was submitted to the jury on special issues, and, in keeping with the verdict, judgment was entered for plaintiff against defendant C. P. Simpson for $725, and in favor of C. P. Simpson over and against the insurance company for the $725, and the additional sum of $150 as attorney's fees for the defense of this suit.

According to the evidence, the injury in suit happened on November 17, 1930. The policy of insurance offered in evidence shows on its face to have been issued on November 15, 1930, by the Commercial Standard Insurance Company, through an agent, covering an automobile described as a Chevrolet one and a half ton truck and trailer of the model of the year 1930, and having "motor number 2018671" and "serial number 3 L. S. 1184." The policy purported to be a regular printed standard policy of the appellant company and issued and signed by its general officers and ready for execution and delivery when countersigned by the agent. The name of the firm issuing and signing such policy in evidence as "agent" reside in Dallas. As appears without dispute, the assured applied to Mr. Maloney of Commerce for insurance, and Mr. Maloney consented to procure insurance to cover a one and a half ton Chevrolet truck and trailer. He stated to Mr. Maloney that the truck had been used by him as an oil truck but that he had converted it into a cotton truck. In point of fact that was the very truck in this suit, and there is no conflict of evidence in that respect. The assured further stated to Mr. Maloney that the motor and serial numbers of that particular truck could be obtained from his secretary who had a policy that had been issued by the defendant insurance company on the truck while it was being operated as an oil truck. Mr. Maloney went to the secretary to obtain the needed description of the truck, and the secretary mistakenly took from the safe of Mr. Simpson a policy covering and described by motor and serial numbers another and different motor vehicle than the one intended to be insured. As stated, the mistake was easily made because the two policies were just alike except that the policy on the truck intended to be insured had just expired. Mr. Maloney then sent by letter to the firm signing the present policy as agent the name of the assured, the description of

the truck, and the information as to the nature of the policy and the purpose and kind of insurance desired. He mailed the letter to the firm signing .the policy as "agent," whom he described as "General Agents at Dallas, Texas, whom I represent." He timely received back the policy, as appears in the evidence, and then delivered it to Mr. Simpson, the assured. As Mr. Maloney testified, the assured, after reading the policy, and "just a few minutes" after it was delivered, notified Mr. Maloney that there was error as to the motor and serial given in the policy. Mr. Maloney, upon being shown the mistake, drew his pen through the erroneous motor number "2018671" and the erroneous serial number "3 L. S. 1184" and wrote the correct motor number "999931" and correct serial number "3 L. Q. 28363." There was no dispute in the evidence as to the correctness of the motor and serial numbers last inserted in the policy. Thereupon Mr. Maloney called by telephone the firm in Dallas who had signed as "agent," and informed them of the particular error in the policy of the descriptive portions named of the truck and that he had corrected the error in the policy, and the reply was, "That is all right." The assured paid to Mr. Maloney the amount of the premium stipulated in the policy, and he remitted such premium, less commission of 20 per cent., to the firm at Dallas, signing the policy as agent. After the collision, the assured notified Mr. Maloney of the fact, and he notified the firm at Dallas, and thereafter a person claiming to be the adjuster for the insurance company came to the office of the assured,. asked to see his policy, and, after looking at it, said, "The Commercial Standard Insurance Company takes the position that they are not liable under the policy, and won't have a thing to do with it." The evidence of the assured fixes the time the mistake in description of the truck was first discovered by him to be on "Tuesday morning, November 18th," when he for the first time read the policy, and that it was on that date that Mr. Maloney made the correction in the policy. The evidence as stated is without conflict.

The points relied on in the appeal are, in substance, that (1) there is no evidence that the insurance company or any authorized agent of the company issued the policy of insurance or made the change of the description of the truck; and (2) the policy was not in force at the time of the collision because "the testimony shows that the automobile collision occurred on November 17th and the person purporting to act on behalf of the insurance company changed the policy on November 18th to cover another automobile"; and (3) the authority of the agent to issue and make correction in the policy was not submitted to the jury for finding, and the issue was therefore waived, and the right

of recovery on the policy was not allowable. For these reasons the insurance company claims, as grounds for error, in effect, that (1) the requested peremptory instruction in its favor should have been given; and (2) the judgment against it upon the policy of insurance sued upon was not warranted by the evidence.

■■ It is believed error may not be predicated upon the refusal to peremptorily instruct a verdict in favor of the appellant, in denial of any liability or recovery upon the policy of insurance. There was no controversy over the fact that a policy was issued upon an authorized blank policy of appellant and that such policy purported to be a duly executed and delivered policy of the appellant. And, considering all the circumstances offered by the assured, there was not, as a matter of pure law, insufficiency of evidence as to agency or authority of the firm signing the policy as agent and Mr. Maloney acting for them, to act for the insurance company in issuing the policy and making correction of the description of the truck insured. Standard Fire Ins. Co. v. Buckingham (Tex. Civ. App.) 211 ·S. W. 531; 32 C. J. p. 1058; 1 Cooley on Ins. p. 347; article 5056, R. S. And, in the light of the rules of evidence, waiver or abandonment of any issue of authority or agency to issue or correct the policy may not be sustained. as the duty did not devolve upon the assured to request a finding by the jury. By offering circumstances going to show a prima facie case of authority in the Dallas agent, the assured discharged the burden cast upon him by the verified pleading of appellant denying the authority of any person to act for it in issuing the policy. There was then necessity for evidence to answer the prima facie case, and upon failure to answer the prima facie case thus set up by the assured must prevail. As a consequence the assured would not be subject to the rule in the case of Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

■ The policy may not be regarded, as a matter of law, as invalidated by the fact of error in the description of the truck in so far as respects the motor and serial numbers, because such error of description occurred as conclusively shown, by pure mistake. It was the purpose and intention to insure that very truck, and the mistake of description lay only as to the numbers mentioned. The general rules of reformation of written instruments apply to policies of insurance on the ground of mistake as to the property or interest covered by the policy. Northern Assur. Co. v. Lawrence (Tex. Civ. App.) 209 S. W. 430; 26 C. J. p. 103. And this is true even after a loss. 32 C. J. p. 1140. The evidence shows no more than a reformation, in the sense of correction of description of the truck so far only as was erroneous, by the

mutual consent of the assured and the person and firm purporting to act as agent for the insurance company. What could be done by a court of equity could reasonably and fairly be done by the parties themselves. In view of the rules of evidence and the circumstances proven by the assured, the onus rested upon appellant to produce evidence, as a defense, of want of authority of the purported agent.

The judgment is affirmed.