MEADOLAKE FOODS, INCORPORATED, v. WILLIAM GLEN ESTES.

No. A-2077. Decided March 23, 1949.
Rehearing overruled April 27, 1949.
(219 S. W., 2d Series, 441.)

*Freeman, Wolf, Keith & Milam,, J. F. Holt, David H. Brown,* and *Joe A. Keith,* all of Sherman,for petitioner.

*Webb & Rogers* and *F. Neilson Rogers,* of Sherman, for respondent.

PER CURIAM:

This suit is before us upon application for writ of error. It is one for damages occasioned by reason of the purchase of cows infected by Bang's disease.

The jury found that the plaintiff below, who is respondent here, failed to use ordinary care to minimize the damages sustained by him, and that such failure was a proximate cause of a portion of the damages. No issues were submitted, and none were requested, seeking to ascertain the extent to which the damages were enhanced by reason of such negligence, or to which they might have been lessened by the use of ordinary care on the part of the plaintiff. The burden in that respect was upon the defendant, who is the petitioner here.

In Belcher v. Missouri, K. & T. Ry. Co. of Texas, 92 Texas 593, 50 S. W. 559, 561, which also involved the failure of the plaintiff to use ordinary care to minimize his damages, under facts similar to these, this court said:

"* * * If the plaintiff showed negligence on the part of the defendant, he was prima facie entitled to recover all of the damages sustained, and the burden of proof rested upon the defendant to prove the negligence by which plaintiff enhanced the amount of the damages or failed to prevent the injury, as well as the extent to which such damages were enhanced, or to which they might have been lessened by the use of ordinary care on the part of the plaintiff."

In view of this rule, the application for writ of error is refused, no reversible error. Morgan v. Young, 203 S. W. (2d) 837.

Opinion delivered March 23, 1949.

Rehearing overruled April 27, 1949.