J. B. McPHERSON et al., Appellants,

v.

J. C. KEELING et al., Appellees.

No. 6502.

Court of Civil Appeals of Texas.

Amarillo.

May 23, 1955.

Rehearing Denied June 20, 1955.

Nelson & McCleskey, Lubbock, for appellants.

McWhorter, Howard, Cobb & Johnson; Croslin & Pharr; Homer L. Pharr, Lubbock, for appellees.

PITTS, Chief Justice.

This is an appeal from a judgment denying recovery upon a promissory note in the principal sum of $498.75, of date June 5, 1952, payable on or before October 5, 1952, bearing six per cent interest with a provision for reasonable attorney fees in case of default in payment. The said note was executed by appellees, J. C. Keeling and Mack Blair, payable to appellants, J. B. McPherson and Oliver S. Cates, d/b/a Lone Star Trading Post, in payment for a hail insurance policy upon a growing cotton crop in which appellees had an interest. The said policy, when issued, described land which description was in part different from the description of the land upon which the cotton crop intended by all the parties to be insured was growing.

The case was tried to the court without a jury and recovery was denied, principally because the insurance policy in question erroneously described the land in part upon which the parties intended to insure the growing cotton crop. Appellees sought successfully in the trial court to avoid payment of the note, long after payment thereof was due, upon the ground that the note was without any consideration since an error was made in describing the land in that the hail insurance policy for which the note was given was issued covering the growing cotton crop located on the North one-half of Section 48, Block C-2, Lubbock County, Texas, whereas the said cotton crop intended by all parties to be insured was actually growing upon the Northwest one-quarter of said Section 48 and the Northeast one-quarter of Section 47, all located in Block C-2, Lubbock County, Texas, the two said quarter sections being contiguous tracts of land although located in different sections in Block C-2. The Northwest one-quarter of Section 48

where a part of the cotton was growing was actually included in the description given in the application. However, the land upon which the cotton crop was actually growing was further described in the application for the hail insurance executed by appellees. The said application recited that the cotton crop to be insured was growing on land located in Lubbock County, Texas, about two miles north of Becton, on both sides of Paved Highway 400, on land owned by appellees, Keeling and Blair, with the name and address of the tenant thereof being Sisk, of Idalou, Texas. The error in showing the legal description of the land in the said application as being the North one-half of Section 48 when it should have shown the same to be the Northwest one-quarter of Section 48 and the Northeast one-quarter of Section 47, was an honest mistake made by appellant, J. B. McPherson, as agent for the insurance company which issued the policy and such honest mistake was made after the application had been signed on behalf of appellees with the understanding that a proper legal description of the land would be thereafter inserted in the application by appellants. All parties intended that the hail insurance should cover appellees' growing cotton crop and appellants were of the opinion that they had properly described the land upon which the crop was growing when appellant, J. B. McPherson, acting as agent for the insurance company, erroneously placed a wrong legal description in part of the land in the application. These said facts were so found by the trial court and are well supported by the evidence.

The trial court further found and the evidence conclusively reveals that the "Paved Highway 400" crosses the Northeast one-quarter of Section 47 but does not touch any part of the North one-half of Section 48; that appellees owned or had contracted to purchase the Northeast one-quarter of Section 47 and the Northwest one-quarter of Section 48; that the life of the hail insurance policy in question was from June 6, 1952, until the end of the 1952–53 cotton crop season; that during such period of time appellees owned no

interest in any cotton crop in Lubbock County other than that which all of the parties intended to have covered by the said hail insurance policy; that during the said period of time appellees owned no other farm land in Lubbock County other than the two said one-quarter sections where the cotton crop actually intended by all parties to be insured was growing and that Sisk, named in the application, was the tenant thereon. There was never any loss or claim for loss under the terms of the said policy nor any denial of liability thereon. The partial error in describing the land upon which the cotton crop was growing was not discovered by the parties herein interested until January, 1953.

Appellees denied liability on the alleged grounds that the note was without consideration because of the aforesaid error in the legal description of the land but in the alternative appellees sought recovery against cross-defendant, J. E. Franklin, impleaded in the suit by appellees as having assumed payment of the note, for whatever sum appellants may recover against appellees if the said note be found to be valid and binding upon them.

Under the record presented and the issues joined, it appears that the controlling question to be here determined is whether or not appellees received for their executed note an enforceable policy of insurance. If they did receive an enforceable policy, the note sued on contained a valuable consideration and is binding. The validity of the insurance policy depended upon the description of the land upon which the cotton crop was growing as shown in appellees' written application for the policy as construed by the law governing such matters. In addition to the erroneous legal description of the land inserted in the said application the said land was further identified in the application as being owned by appellees, located two miles north of Becton, Lubbock County, Texas, on both sides of Highway 400, with Sisk of Idalou as the tenant thereon. Appellants were authorized by appellees to thereafter insert a proper legal description of the land in the application and in so doing appellants inadvertently made the mistake previously herein shown. However, it is our opinion that the evidence conclusively reveals that the land intended by appellees and appellants to be covered by the insurance policy sought was sufficiently identified by the description shown, other than the erroneous legal description there inserted by appellants, to met the requirements of the law in Texas. The evidence admittedly reveals that appellees owned no farm land in Lubbock County, Texas, other than the Northeast one-quarter of Section 47 and the Northwest one-quarter of Section 48, contiguous to each other, in the same block, located two miles north of Becton, Texas, with Sisk of Idalou as the tenant and Paved Highway 400 crossing only the Northeast one-quarter of Section 47.

In the early case of Home Ins. & Banking Co. of Texas v. Lewis, 48 Tex. 622, through an error of the insurance company's agent in filling out an application for a fire insurance policy, the same was issued to cover improvements located on Block 309 in Hearne, Texas, when it should have shown the improvements located on Block 609 in Hearne, Texas. The same error was made on the face of the policy issued, while all interested parties intended for the protection to cover the improvements actually located on Block 609. The error in description there made was similar in every respect to the error in description made in the case at bar. Concerning such a matter, the court there said in part:

"In cases of written agreements, where there has been an innocent omission or insertion of a material stipulation, contrary to the intention of both parties, equity will reform the contract, and a policy of insurance is just as much within reach of the principle as any other written contract. (Authorities cited.)

"Though it was at one time doubted whether a policy would be reformed to the extent of altering a warranty or a condition precedent to any assumption

of liability by the insurers, the more recent authorities hold that mistakes in the warranty, where the agent of the insurance company, to whom the applicant correctly stated the facts, has made the blunder in reducing the application to writing, will be relieved against, or will operate as an estoppel to prevent the company from making the warranty available as a defense. (Authorities cited.)

"If the warranty is not as agreed on by both parties, but by mistake is incorrectly reduced to writing, it would seem clear that the mistake should be corrected."

In our opinion the rules of law there announced apply to the facts presented in the case at bar, as a result of which the hail insurance policy issued to appellees herein must be held to be valid and enforceable.

In a later case of Aetna Ins. Co. of Hartford, Conn. v. Brannon, 99 Tex. 391, 89 S.W. 1057, 1058, 2 L.R.A.,N.S., 548, an agent of an insurance company inadvertently made an error in describing the location of certain corn and hay to be insured against fire by inserting it was located in a two-story log building on a farm situated one-half mile west of Bastrop, Texas, when in fact the corn and hay was actually located "in a wood-roof negro cabin" located on the same farm and the description should have so stated. As a result of a fire, a suit was filed for recovery and the Supreme Court there held the insurance policy enforceable notwithstanding the error in describing the location of the property intended by all parties to be insured. The court there further held one suing for recovery under such circumstances need not first secure a reformation of the insurance policy, but he may plead the facts showing the mistake made and seek judgment for his loss. Upon establishing such he is entitled to recover. The rules of law there announced were followed under similar circumstances by this court in the cases of Northern Assur. Co. v. Lawrence, Tex.Civ.App., 209 S.W. 430 and Fidelity Union Fire Ins. Co. v.

Mitchell, Tex.Civ.App., 249 S.W. 536. The said rules were likewise cited with approval in the cases of Fitch v. Lomax, Tex. Com.App., 16 S.W.2d 530, 66 A.L.R. 758 and American Casualty & Life Co. v. Hale, Tex.Civ.App., 198 S.W.2d 759. By their pleadings and proof in the case at bar, in our opinion appellants have met the requirements of the rules of law there announced, which rules of law we believe still prevail in this State as well as in the State of Missouri as reflected by the holding by a Missouri court of appeals recently in a very similar case of McManus v. Farmers Mutual Hail Ins. Co. of Missouri, 239 Mo.App. 882, 203 S.W.2d 107.

For the reasons stated the judgment of the trial court is reversed and judgment is here rendered for appellants against appellees on the face of the note for the principal sum of $498.75 together with six per cent interest thereon from June 5, 1952. Texas Rules of Civil Procedure, Rule 434; Stahl v. Westerman, Tex.Civ.App., 250 S.W. 325; Lone Star Gas Co. v. Kelly, Tex.Civ.App., 166 S.W.2d 191. Under the record presented appellants pleaded recovery of a reasonable attorney fee and are likewise entitled to recover such as provided for on the face of the note, collectable in case of default in payment thereof. However, although the evidence reveals that appellants contracted to pay a reasonable attorney fee, the record does not reflect proof showing what constituted a reasonable attorney fee for appellants, for which reason that part of the alleged cause of action must be remanded to the trial court with instructions to hear evidence on the issue of a reasonable attorney fee for appellants and render judgment accordingly. 6 Tex.Jur. 1035, Sec. 333; Security Finance Co. v. Floyd, Tex.Civ.App., 294 S.W. 1113.

Appellees' counter point No. Two should likewise be sustained under the pleadings and evidence presented revealing that cross-defendant J. E. Franklin assumed payment of the note in question, for which reason he is liable to appellees, who are entitled to judgment over and against

cross-defendant, J. E. Franklin, for the full amount of recovery appellants are entitled to obtain as against appellees. Therefore judgment is likewise here rendered for appellees as against J. E. Franklin for the face of the note in the principal sum of $498.75, together with six per cent interest thereon from June 5, 1952. The trial court is likewise directed to render judgment for appellees as against J. E. Franklin for whatever sum it awards appellants as against appellees for a reasonable attorney fee as a result of its hearing conducted to determine such an issue.

Reversed and rendered in part and reversed and remanded in part with instructions.