Lloyd M. LUNSFORD, Appellant,

v.

SAGE, INC. OF DALLAS et al., Appellees.

No. 15435.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Feb. 27, 1969.

Rehearing Denied March 20, 1969.

Brock & Williams, Talmadge Boyd, Houston, for appellant.

Stephen N. Zimmerman, Talbert, Giessel, Barnett & Stone, Alice Giessel, Houston, for appellees.

COLEMAN, Justice.

This is a suit for assault and false imprisonment against an individual and three corporate defendants. After trial to a jury, the trial court entered a judgment for the plaintiff against the individual defendant, but rendered judgment that the plaintiff take nothing against the corporate defendants.

Suit was originally filed against J. G. Grill and Sage, Inc. of Dallas alleging that Grill was employed by Sage, Inc. of Dallas as a security guard at a retail store located at 4645 Beechnut Street in Houston, Harris County, Texas. The suit was filed in Harris County, Texas, and service was obtained on a designated agent for service of said corporation, who resided in Houston, Texas. The citation was given to Stephen N. Zimmerman, an attorney of Houston, Texas, who filed an answer consisting of a general denial, and paragraphs II, III and IV, reading:

II.

"The defendant Sage, Inc. of Dallas has established reasonable rules for the prevention of shoplifting and occasions a minimum and reasonable inspection of packages taken in and out of the store to accomplish such goal. All business invi-

tees on the premises have knowledge of such practices and methods upon entering said premises. At no time did Sage, Inc. of Dallas, any of its agents or employees, unreasonably detain the plaintiff. At no time did Sage, Inc. of Dallas or any of its agents or employees make any accusations against plaintiff. At no time did Sage, Inc. of Dallas or any of its agents or employees use profanity toward plaintiff. At no time did Sage, Inc. of Dallas, its agents or employees, make any assault upon the plaintiff, nor did they grab him, or make any threatening gestures towards him. The accusations of the plaintiff to the contrary are untrue.

### III.

"The true facts are that plaintiff was leaving the store with a parcel which did not have any indication that it was bought and paid for at the store. Sage, Inc. of Dallas, its agents or employees, did no more than courteously request permission to check the package, in accordance with standard procedure, for the purpose of investigating the ownership of said merchandise. The defendants had reasonable grounds for suspicion and acted in a reasonable manner in making its investigation. If plaintiff was detained it was only for a reasonable length of time under the circumstances.

### IV.

"If plaintiff was caused any embarrassment or humiliation it was the result of his own conduct and not that of defendants."

About one year and eleven months later, more than two years after the occurrence made the basis of plaintiff's suit, the defendant corporation filed an amended answer in which the corporation denied it owned the store in Houston, and alleged that the only store it owned was located in Dallas, Texas. It further alleged that the Houston store was owned by S. A. G. E.,

Inc. of Houston, a corporation. It alleged that J. G. Grill had never been employed by Sage, Inc. of Dallas, but was an employee of S. A. G. E., Inc. of Houston. Sage, Inc. of Dallas filed a motion for summary judgment.

Plaintiff, thereupon, filed an amended petition complaining of Sage, Inc. of Dallas, S. A. G. E., Inc. of Houston, and Sage, Inc., International, as well as J. G. Grill, alleging ownership of the store in question, and the employment of J. G. Grill as a security guard, by all three corporations. Then the allegations constituting the cause of action were narrated. There followed paragraph VII, reading:

"Prior to filing suit herein, Plaintiff was informed by at least two employees, servants, agents and/or representatives of Defendants that Sage, Inc. of Dallas was the true owner and/or operator of the property located at 8555 Gulf Freeway, Houston, Texas. Acting upon such representations of the agents, servants, employees and/or representatives of Defendants, Plaintiff filed suit against Sage, Inc. of Dallas, a corporation organized and doing business in the State of Texas. Plaintiff is now informed by agents and representatives of Defendants that the true owner and operator of said establishment at 8555 Gulf Freeway is Sage, Inc. of Houston and/or Sage, Inc., International and, therefore, files this his First Amended Original Petition in order to proceed against the proper and correct Defendants and to correct any misjoinder or nonjoinder of parties Defendant induced by misrepresentations of the employees, agents, servants and/or representatives of Defendants."

The summary judgment was denied and at the trial on the merits the case was submitted to the jury on special issues. The jury found that the plaintiff was falsely imprisoned by J. G. Grill, and assessed damages, both actual and punitive. It also found that Sage, Inc. of Dallas made such "repeated assurances" that it was the own-

er of the store and the employer of J. G. Grill "as to mislead the plaintiff"; that the assurances were relied on by the plaintiff or his agents, "to their detriment". The jury also found in answer to separate issues that both "Sage, Inc. of Houston" and Sage, Inc. of Dallas "acted recklessly, wilfully and/or maliciously" in wrongfully detaining the plaintiff.

On proper motion the trial court disregarded certain issues and entered judgment only as against J. G. Grill. The judgment recites that the court found that J. G. Grill was not an employee of Sage, Inc. of Dallas, and that no judgment should be entered "against Sage, Inc. of Houston, and Sage, Inc., International because barred and defeated by the Statute of Limitations * * *"

The charters of the three corporations were introduced into evidence. There was testimony that Sage, Inc., International owned all of the common stock of the other corporations, and that S. A. G. E., Inc. of Houston owned and operated the store at which the incident in question occurred and was the employer of J. G. Grill.

■■■ Since implied findings are only presumed in support of the judgment of the trial court, and not to defeat it, the points presented by the appellant must be considered in light of the specific fact findings of the jury and the trial court. Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985 (1949); Rule 279, Texas Rules of Civil Procedure. The judgment of the trial court can be reversed only on the basis of points of error presented in the brief, which points must have been raised in the motion for new trial. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960); Meadolake Foods, Inc. v. Estes, 218 S.W.2d 862 (El Paso Civ. App.1948, error ref. 148 Tex. 13, 219 S.W. 2d 441).

The jury found that appellant was falsely imprisoned by J. G. Grill. Appellant could be entitled to a judgment against one or more of the corporate defendants only if there is a finding of fact that J. G. Grill was employed by or acting for such corporation or corporations. There is no basis in the special issues submitted, and the answers thereto, for a judgment against Sage, Inc., International.

Appellant contends that the original answer of the defendant, Sage, Inc. of Dallas, constitutes a judicial admission that it was the owner of the Sage store in question, or, in view of the fact that the pleading was abandoned prior to trial, at least evidence, i. e., an admission against interest, to be considered along with the other testimony.

■■■ This question was considered and settled by the Supreme Court of Texas in Houston, E. & W. T. Ry. Co. v. DeWalt, 96 Tex. 121, 70 S.W. 531 (1902), wherein the Court said:

"A defendant has the right to plead inconsistent defenses, and where in one part of an answer he denies or otherwise puts in issue a fact, and in another part alleges its existence, the answer cannot be taken to be an admission of such fact. Duncan v. Magette, 25 Tex. 245, 246. Many other rulings of this court affirming this proposition might be cited. But this is true, not because admissions in pleading are not admissible against the party making them, but because a plea in one part denying a fact, and in another part affirming it, cannot, under our statute, be treated as an admission of the fact. Abandoned pleadings, when offered in evidence, should doubtless be construed in the same way, and not be admitted as conceding a fact both affirmed and denied. But this rule has nothing to do with the admissibility of pleadings in evidence as tending to show a fact which they distinctly allege. If a fact be admitted in the pleadings in which the case is tried, it is, in general, assumed, without other evidence, to be

conclusively established for the purposes of the trial. Ogden v. Bosse, 86 Tex. 336, 344, 24 S.W. 798. The same rule cannot be applied to pleadings superseded by amendment, but it does not follow that distinct admissions in them of particular facts cannot be used as evidence against the party who filed them. The admission of a party thus made is admissible against him under the rule of evidence which allows admissions against interest. Of course, they are open to explanation or contradiction like other admissions."

■■ Appellant introduced the original answer into evidence. At one point in his testimony J. G. Grill testified that he went to work for Sage of Dallas prior to the year 1965 and that it terminated on January 7, 1965. Later he testified that he had never worked *in* Dallas or for Sage in Dallas, and that he had always worked *in* Houston. He then testified that he presumed he worked *for* Sage of Houston. There was some evidence that J. G. Grill was employed by Sage of Dallas. There was a great deal of evidence that he was employed by S. A. G. E., Inc. of Houston. By failing to request an issue designed to determine the employer of Grill, appellant waived a jury determination of this issue, and it will be presumed that the trial court found the facts in such a manner as to support the judgment entered. Little Rock Furniture Mfg. Co. v. Dunn, supra. The evidence strongly supports a finding that Grill was employed by S. A. G. E., Inc. of Houston. A finding to this effect supports the judgment.

■■ The trial court found that appellant's cause of action against S. A. G. E., Inc. of Houston was barred by limitation. Appellant contends that the answers made by the jury to Special Issues 2 and 3 are sufficient as a matter of law to require a judgment that appellees are estopped to plead the statute of limitation. The jury found that Sage, Inc. of Dallas repeatedly assured plaintiff that it was the owner of the premises in question and the employer of Grill. If there is any estoppel, necessarily it must be against Sage, Inc. of Dallas alone since no issues were submitted which in any manner connected Sage, Inc., International or S. A. G. E., Inc. of Houston with the activities alleged to constitute an estoppel. The undisputed facts establish that appellant's cause of action against S. A. G. E., Inc. of Houston was barred by the two year statute of limitation, Art. 5526, V.A.C.S.

Appellant also contends that he is entitled to judgment against Sage, Inc. of Dallas because Sage, Inc. of Dallas was estopped to deny that it was the owner and operator of the premises in question and the employer of J. G. Grill. This point necessarily involves the contention that the answers made by the jury to the issues submitted, together with undisputed facts, establish all of the elements of an estoppel.

■■ The necessary elements of an equitable estoppel are set out in Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952), as follows:

"On the question of estoppel we find that 'In order to constitute an equitable estoppel or estoppel in pais there must exist a false representation or concealment of material facts; it must have been made with knowledge, actual or constructive, of the facts; the party to whom it was made must have been without knowledge or the means of knowledge of the real facts; it must have been made with the intention that it should be acted on; and the party to whom it was made must have relied on or acted on it to his prejudice.' 31 C.J. S. Estoppel § 67, page 254. Also, 'Before an estoppel can be raised there must be certainty to every intent, and the facts alleged to constitute it are not to be taken by argument or inference. Nothing can be supplied by intendment. No one should be denied the right to set up the truth unless it is in plain contradiction of his former allegations or acts.

If an act or admission is susceptible of two constructions, one of which is consistent with a right asserted by the party sought to be estopped, it forms no estoppel.' Id. § 77, page 282, et seq."

There is a finding that Sage, Inc. of Dallas made a false representation to appellant. Sage, Inc. of Dallas will be presumed to know its employees and the location of its stores. Appellant did not know the real facts, but clearly the true facts could have been learned by appropriate discovery procedures within the two year period following the occurrence. Guarantee Mutual Life Insurance Co. v. Harrison, 358 S.W.2d 404 (Austin Civ.App.1962, ref., n. r. e.).

The testimony creates an issue of fact as to whether the representations were made with the intention that they should be acted on or relied upon. There is evidence that no assurances were made other than in the answer, and that the answer was a "stock" or "form" answer filed by the attorney without investigating the matter. On the other hand, there was evidence which would support an inference that the actions of, and pleadings by, the attorney for Sage, Inc. of Dallas were designed to mislead appellant.

There is no evidence to support the jury finding that appellant "relied on the assurances to his detriment". Appellant testified that he wrote the Secretary of State's office for information concerning the corporate status of "Sage", and that in reply he received information concerning Sage, Inc. of Dallas. The suit was then filed. Appellant testified that thereafter he took no depositions, filed no requests for admissions, and pursued no other discovery procedures. He answered a question as to whether he had asked the attorney for appellees if he had sued the proper corporation "no", and added that he had no reason to ask him. He did testify that he had settlement negotiations with Mr. Zimmerman representing Sage, Inc. of Dallas and that Mr. Zimmerman told him that Sage, Inc. of Dallas owned and operated the store in question. The date of this conversation does not appear. There is no testimony that appellant intended to check further into the identity of the owner of the store, and no circumstances in evidence from which an inference could be drawn that his failure to make any further investigation was caused by his reliance on the statement of Mr. Zimmerman. There is no evidence that any question subsequently arose in the mind of appellant, or his attorneys, as to whether suit was filed against the proper corporation until more than two years from the date of the occurrence in question. The burden was upon appellant to prove that he relied on the false representation made by Sage, Inc. of Dallas, or on the failure of Sage, Inc. of Dallas to speak, there being a duty to do so. Neither of these elements of estoppel appear. Humble Oil & Refining Co. v. Trapp, 194 S.W.2d 781 (Austin Civ.App., 1946, writ ref.); Richey v. Miller, 142 Tex. 274, 177 S.W.2d 255, 170 A.L.R. 832 (1944); Lloyd v. Singleton, 16 S.W.2d 891 (Amar.Civ.App.1929); Fitch v. Lomax, 16 S.W.2d 530, 66 A.L.R. 758 (Tex.Com.App. 1929).

The essential elements of estoppel are not established by the findings of the jury.

The facts essential to the existence of an estoppel were not pleaded with that particularity and precision required in such cases, there being no intendments in favor of a plea of estoppel. Concord Oil Co. v. Alco Oil & Gas Corp., 387 S.W.2d 635 (Tex.1965); Hallmark v. United Fidelity Life Ins. Co., 155 Tex. 291, 286 S.W.2d 133 (1956); Williams v. Texas Employers Ins. Ass'n, 135 S.W.2d 262 (Waco Civ. App., 1939, writ ref.)

Other points of error are presented, but the preceding discussion disposes of them as well. Appellant's points of error cannot be sustained.

The judgment of the Trial Court is affirmed.