**BIG COUNTRY HOMES, INC., Appellant,**

v.

**John B. CHRISTIANSON and H. S. Lyon, Appellees.**

**No. 4703.**

Court of Civil Appeals of Texas, Eastland.

Aug. 19, 1974.

Rehearing Denied Sept. 13, 1974.

William ·D. Sims, Jr., Jenkins & Gilchrist, Dallas, for appellant.

Lloyd M. Lunsford, South Houston, for appellees.

WALTER, Justice.

On January 4, 1974 the court issued a temporary restraining order against John B. Christianson and H. S. Lyon restraining them from selling, transferring, impairing, disposing of, encumbering or moving four certain mobile homes or from taking any action which in reasonable probability might result in damage to the four mobile homes. Thereafter at a hearing on Big Country Homes' application for a temporary injunction, the court denied its application for a temporary injunction requiring defendants to make available to it the possession of the four mobile homes, however, the court entered a conservatory order as follows:

> "IT IS FURTHER ORDERED that upon the posting by Big Country Homes, Inc. of a bond in the amount of $5,000.00, the Defendants, John B. Christianson and H. S. Lyon are restrained and enjoined from selling, transferring, impairing, disposing of, encumbering or moving said four certain mobile home . . . ."

From such order Big Country Homes, Inc. has appealed.

We find no merit in Appellants contention that the court erred in concluding that Big Country entered into and later breached a lease with Christianson for the reason that there is no evidence that a lease existed. The testimony of John Rivea, Vice President of Big Country, and John Christianson constitutes some evidence that there was such a lease. Christianson was asked the following questions and he gave the following answers:

"Q   Mr. Christianson, you are the Defendant in this case?

A   Yes.

Q I'll show you what has been introduced as Defendant's Exhibit TJ–1 and ask you sir if that, in fact, is the lease agreement under which the Defendant, Big Country Homes entered the premises in question?

A Yes sir.

Q Was it the agreement agreed upon tween you and the officials of that company as the lease in question?

A Yes sir."

In its petition for a temporary injunction Big Country pleaded the following:

"Big Country, as the designee of Balentine Enterprises, Inc., leased the lot from Christianson pursuant to either a month to month tenancy or a certain Lease Agreement ('Lease') by and between Christianson and Associated Sales, Inc., a/k/a Belknap Mobile Homes of Houston, Inc., and a certain Consent to Assignment of Lease by and between Christianson and Associated Sales, Inc., true and correct copies of which are attached hereto as Exhibit 'A' *and incorporated herein for all purposes*." (Emphasis Ours)

In Lunsford v. Sage, Inc. of Dallas, 438 S.W.2d 615 (Tex.Civ.App.—Houston (1st Dist.) 1969, writ ref'd n. r. e.), the court said:

"This question was considered and settled by the Supreme Court of Texas in Houston, E. & W. T. Ry. Co. v. DeWalt, 96 Tex. 121, 70 S.W. 531 (1902), wherein the Court said:

'. . . But this rule has nothing to do with the admissibility of pleadings in evidence as tending to show a fact which they distinctly allege. If a fact be admitted in the pleadings in which the case is tried, it is, in general, assumed, without other evidence, to be conclusively established for the purposes of the trial.'"

Appellant filed a motion with the trial court to incorporate the exhibits that were admitted into evidence in the transcript. The court granted such motion and ordered all the exhibits actually admitted in evidence to be included in the transcript. The lease agreement appears in the exhibits in this record and the court made the following findings relating thereto:

"1. Plaintiff, BIG COUNTRY HOMES, INC., under its former name of Ballentine Enterprises, Inc. entered into a written lease agreement with Defendant, JOHN B. CHRISTIANSON, on June 5, 1972 in Harris County, Texas, wherein Plaintiff was Lessee and Defendant was Lessor.

2. Plaintiff entered into possession under said lease and paid the rentals through November, 1973.

3. Plaintiff failed to pay the rental due December 1, 1973."

We hold there was some evidence of probative force that the lease existed and we find there was not insufficient evidence of this fact.

■ Our Supreme Court in City of Spring Valley v. Southwestern Bell Telephone Company, 484 S.W.2d 579 (Tex.Sup. 1972) said:

"Ordinarily, the trial court has broad discretion in determining whether or not to issue a temporary injunction, and its judgment will not be overturned unless the record discloses a clear abuse of discretion. Texas Foundries, Inc. v. International Moulder, 151 Tex. 239, 248 S.W. 2d 460 (1952). The general rule is not unlimited; it does not extend to the erroneous application of the law to undisputed facts."

Christianson contends he leased his land to Appellant and it used the land as a sales lot for its mobile homes. Appellant failed to pay the rent and Christianson took the possession of four mobile homes under the

terms of the lease agreement. Christianson contends he took peaceable possession of the property and now holds it as security for his rent and damages under the terms of the lease agreement.

We hold that the court did not abuse his discretion in refusing to grant Appellant's application for a temporary injunction.

We have considered all of Appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.