LOCKWOOD v. BLACK HAWK COUNTY.

| 34 | 235 |
| 105 | 197 |

Attorney : POWER TO STIPULATE. Stipulations made in open court by the attorney of a county, in respect to a cause therein pending against the county, are, when authorized and free from fraud, valid and binding, and cannot be repudiated by the successors in employment of the attorney who made the agreement while acting in behalf of the county. So *held*, in respect to an agreement thus entered into, that a certain case should abide the result of another cause then pending against the county in the same court.

*Appeal from Black Hawk District Court.*

TUESDAY, JUNE 11.

THE facts are stated in the opinion of the court.

*Boies, Allen & Couch* for the appellant.

*W. H. Curtiss* and *Ordway & Husted* for the appellee.

MILLER, J. — On the 20th day of February, 1867, the plaintiff commenced an action against defendant, to recover $400 on a certain resolution of the board of supervisors of the county of Black Hawk. The cause was continued from time to time and was pending until May term, 1870, of the court, when, on motion of the defendant, it was dismissed at the costs of plaintiff. On the 6th day of January, 1871, the cause was re-instated upon the docket, under a written stipulation signed by O. C. Miller as attorney for defendant.

On the 3d day of June, 1871, there was filed in the case an agreement, signed " Bagg & Miller, defendant's attorneys," and " W. H. Curtiss, attorney for plaintiff," to the effect that this cause was to abide the result of another cause named, then pending in said court against the county, " and that the same judgment " should be entered in this as should be rendered in that cause.

At the same term of the court separate motions were made to strike from the files the stipulation signed by O.

C. Miller, under which the case had been re-instated, and the agreement signed by Bagg & Miller as attorneys of defendant. These motions were accompanied by an affidavit of H. Boies, of the law firm of Boies, Allen & Couch, stating that at the session of the board of supervisors of the county, which met on the 2d day of January, 1871, and *soon after* the meeting of the board, the said firm were by said board retained as the attorneys of the county for the transaction of all its legal business; that since such retainer they have had the exclusive charge of the legal business of the county, and that the agreements before mentioned were made without their knowledge or consent, and without authority from the members of the then board of supervisors.

On the other hand, it is stated in an affidavit of O. C. Miller, that, during the year 1868, Bagg & Miller were the attorneys of the county; that, upon Judge Bagg's election as judge of the circuit court, the deponent was appointed the sole attorney of defendant; that as such he had procured the dismissal of the cause; that upon being advised that his partner, Judge Bagg, prior to the entry of the judgment dismissing the cause, had entered into an agreement with plaintiff's attorney that the case should abide the result of another case then pending, and, in order to carry out said agreement in good faith, he signed and filed the stipulation re-instating the cause upon the docket.

The affidavit of Judge Bagg also was filed, which shows that, at the September term, 1868, of the district court, while Bagg & Miller were the authorized attorneys of the county, in pursuance of instructions from a proper committee of the board of supervisors, made an agreement in open court with plaintiff's attorney, that this cause should be continued and abide the result of another cause named, then pending against the county, and that the agreement thus made was afterward reduced to writing, signed and filed.

Upon this evidence the court overruled defendant's motions, and at the September term, 1871, of the court, a judgment was rendered for plaintiff for $558 and costs.

These rulings are assigned as error.

In respect to the authority of O. C. Miller to make and file the stipulation re-instating the case, there is no evidence showing that at the time he signed the same, January 6, 1871, his authority had ceased. That he was the attorney of the county, until the appointment of Boies, Allen & Couch, admits of no doubt. It is not shown that they were appointed prior to the 6th of January, 1871. The showing is that the board of supervisors met on the 2d of January, and that Boies, Allen & Couch were retained "soon after the organization or meeting of the board," but how soon thereafter does not appear. It may have been after the sixth day of the month for aught that appears. There was no error, therefore, in the ruling refusing to strike this stipulation from the files.

Neither was it erroneous to refuse to strike from the files the written agreement signed by Bagg & Miller. It clearly appears that, substantially, the same agreement was made in open court while Bagg & Miller were the authorized attorneys of the county, and that it was made in pursuance of instructions from the defendant. It is immaterial, therefore, whether, at the time the written agreement was, in fact, signed and filed, Bagg & Miller were the attorneys of the county or not. The agreement made in open court, while they were the attorneys of the county, in pursuance of special instructions, was valid and binding upon the defendant.

Stipulations made in open court by the attorneys of record in respect to a cause pending, when authorized and free from fraud and mistake, will be enforced by the courts when clearly established as in the case before us.

Appellant complains that the court did not require evidence of the judgment rendered in the test case before

rendering judgment for plaintiff in this. His abstract does not show that the court rendered the judgment without any evidence of what the judgment was in the other case. Without such showing it will be presumed that the proper evidence was before the court.

The judgment is

Affirmed.