### THE AMERICAN EMIGRANT COMPANY v. ISABELLA M. LONG, Appellant.

**Appeal:** NOTICE TO ATTORNEY. Service of a notice of appeal upon the attorney who originally appeared for plaintiff and who continued to act in the case for many years and whose appearance as attorney, does not appear, from the record, to ever have been withdrawn is sufficient, under Code, 1873, section 3178, providing that the notice of appeal may be served on the adverse party or his "attorney who appeared for him in the court below," though he had ceased to act as attorney in the case, when served with notice.

STIPULATIONS: *Powers of Attorney.* An agreement of the respective attorneys employed in several suits involving the same issues, entered into after appeals had been taken therefrom, stipulating that the appeals had in fact been taken and perfected, and that all the evidence in each was certified to, and made a part of the record by the trial judge, was binding on the respective parties on appeal.

*Appeal from Calhoun District Court.*—HON. J. H. MACOMBER, Judge.

### SATURDAY, APRIL 9, 1898.

THIS is an action to quiet the title to certain lands in Calhoun county. There was a decree for plaintiff in the court below, and defendants appeal—*Reversed.*

*Charles A. Clark & Son* for appellants.

*H. E. Long* for appellee.

WATERMAN, J.—It appears by tacit admission that this is one of a number of actions involving a like federal question. One of these cases (*American Emigrant Co. v. Rogers L. M. Works,* 83 Iowa, 612), was, by writ of error to this court, taken to the supreme court of the

United States, and there disposed of adversely to the claim of the plaintiff herein.   See *Rogers L. M. Works v. American Emigrant Co.*, 164 U. S. 559 (17 Sup. Ct. Rep. 188).   The other cases were continued from time to time, waiting the decision of the federal tribunal.   In accordance with the holding in the last-mentioned case, this at bar must be reversed if a hearing on its merits can be had.   But appellee urges certain objections to our consideration of the issues involved, and to these we shall give due attention.

II.   This action was originally brought by one J. A. Harvey, as attorney for plaintiff, and he continued to act as counsel in the case for many years.   The suit was begun in the year 1877.   The record does not disclose that Harvey ever withdrew his appearance as attorney.   Notice of appeal was served upon him by defendants, and it is now claimed that he had ceased to act as attorney in this case some months before such notice was served, and therefore the case is not properly in this court.

III.   It is also claimed there is no showing that we have all the evidence before us, because the certificate of the judge to the transcript is defective.   The notice of appeal, spoken of, was served November 9, 1889. Thereafter counsel for defendants herein, and one J. J. Davis, who it is admitted was at the time one of counsel for plaintiff, entered into the following written stipulation:   "American Emigrant Company v. Julius Daniels, et al., and other similar appeals.   Appeal from Calhoun District Court. Stipulation.   Whereas, appeals have been regularly taken and perfected by the above plaintiff and defendants, or by the plaintiff and defendants respectively, from final judgments and decrees of the district court of Iowa within and for Calhoun county in the following entitled actions, which appeals in each of said

actions are as shown below, namely:   The American
Emigrant Company v. Isabelle M. Long, et al.   (No.
315.)   Appeal by defendants; also, appeal by plaintiff.
[About fifty other cases are here recited.]   Now, with
a view to saving expense touching transcripts and
records, and to prevent all questions which might arise
from loss of original papers, or other casualty, it is
hereby stipulated and agreed as follows:   (1) That the
plaintiff and defendants, respectively, in all of the
actions above enumerated, took appeals to the supreme
court of Iowa, as above set out and shown, which
appeals in each instance were taken by said plaintiff
and defendants, respectively, by serving, within six
months from the date of the decree, in each instance,
on the attorneys of record of the adverse party or par-
ties, and on the clerk of the district court of Calhoun
county, a notice, in writing, of appeal to the supreme
court of Iowa, in all cases in accordance with law, and
by at once filing such notices of appeal in the office of
the clerk of said court, and having the same entered on
the appearance docket in each case.   (2) It is also stip-
ulated and agreed that, in each case in which an appeal
or appeals was or were taken as shown above, all of the
evidence offered or introduced on the trial of each of
such actions in the court below was certified and made
of record by the judge before whom such actions were
tried in the court below, within six months after the
dates of the judgments and decrees, respectively, and, so
certified, was filed with the certificates aforesaid in the
office of the clerk of said court within six months next
after the dates of said judgments and decrees, respec-
tively, and at once entered upon the appearance docket
of said court.   (3) The defendants shall proceed to prose-
cute their appeals in the following named cases, or such
of them as they may see fit, not less than two, namely:
The American Emigrant Company v. Julius Daniels

et al. (No. 98.) The American Emigrant Company v. Jacob Rogers et al. (No. 116.) The American Emigrant Company v. Helen M. Skidmore. (No. 147). The American Emigrant Company v. Isaac H. Knox et al. (No. 300.) The American Emigrant Company v. The Iowa Land & Loan Co. et al. (No. 301.) And the plaintiff shall proceed to prosecute its appeals in the following cases, or such of them as they may see fit, namely: * * * And all other appeals above mentioned, on both sides, shall stand continued, without prejudice to either party, and without being docketed in the supreme court, until the decision of said court in the appeals which may be prosecuted as herein provided. J. J. Davis, attorney for plaintiff in all the cases. Chas. A. Clark, attorney for all the defendants in all the cases." The terms of this stipulation seem to have been observed by all parties until after the death of Davis, which occurred in the year 1897. It is now claimed that Davis had no authority to make any such agreement. The stipulation covers the matters complained of, and we think plaintiff is bound by it. It was within the scope of Davis' authority as an attorney to make an agreement as to the record, and, under the circumstances of this case, we think the stipulation that an appeal had been in fact taken was binding. As indicating the authority of an attorney in relation to the management of an action, we call attention to the following cases: *Ohlquest v. Farwell*, 71 Iowa, 233; *In re* Heath's Will, 83 Iowa, 215; *Lockwood v. Black-Hawk County*, 34 Iowa, 235. As to the objection to the notice of appeal, we wish to say further that this is not a case of attempting to give this court jurisdiction by consent. A notice was in fact served, and served upon one who had appeared in the cause below, and whom the record showed to be still an attorney in the case. The statute provides (section

3178, Code 1873) that notice of appeal may be served, "on the adverse party, his agent or attorney who appeared for him in the court below." We are inclined to think that the service was sufficient, under the law; but, if not, the agreement made it so,—especially after the parties have acted upon such agreement for many years. We do not know why Harvey's authority as an attorney, though he had withdrawn from the case, could not be recognized by the plaintiff far enough to give him the right to accept service of a notice of appeal, even if the authority went no further, and this we think is what was done. The case will be REVERSED.