G. W. RICHEY V. JAMES F. MILLER.

No. 8170. Decided January 26, 1944.
Rehearing overruled February 23, 1944.
(177 S. W., 2d Series, 255.)

*W. Edward Lee,* of Tyler, for petitioner.

W. H. York, the grantor of Richey, having placed Richey in possession of all the land north of the fence and accepted the full purchase price for all the land north of said fence and having stood by for 28 years with Richey in full possession and control of same on which he made valuable improvements and cultivated a portion thereof, and upon which his lessee, upon the demand of Richey's grantor, was compelled to drill an offset oil well, it was error for the court to hold that these facts did not estop defendant's grantor, York, and himself, from thereafter claiming title to the land involved. Gulf Oil Corp. v. Marathon Oil Co., 137 Texas 59, 152 S. W. (2d) 711; Twin-Lick Oil Co. v. Marbury, 91 U. S. 587, 23 L. Ed. 328; 3 Pomeroy Eq. (5th Ed.) 190.

*Angus G. Wynne* and *Phillip Brinn,* both of Longview, for respondent.

The land claimed by Richey, the defendant and grantee of York, being entirely surrounded by other land owned by him and not being separated from them, and not having been cultivated except for a term of two years, after which it had been used as a pasture, Richey did not acquire title to same by limitation, under the terms of Article 5511. Simpkins Title by limitation in Texas, 88; Vergara v. Kenyon, 261 S. W. 1009; Smith v. Bradshaw, 93 S. W. (2d) 468; City of Waco v. Thrall, 172 S. W. (2d) 142.

MR. JUSTCE SHARP delivered the opinion of the Court.

This is an action of trespass to try title, brought by Miller against Richey and others to recover .25 of an acre of land in Gregg County. The defendants answered by a general denial, plea of not guilty, and asserted title under the Three, Five, Ten, and Twenty-five Year Statutes of Limitation. Upon a trial before the court without a jury, judgment was entered that plaintiff take nothing. The Court of Civil Appeals for the Sixth Supreme Judicial District reversed the judgment of the trial court and rendered judgment for the plaintiff. 173 S. W. (2d) 490.

W. H. York acquired the land in suit as a part of a larger tract by deed dated June 16, 1911. Richey owned land which bounded a part of the land acquired by York on the north, east, and west. The following sketch illustrates the positions of the various tracts:

By deed dated December 4, 1912, York conveyed tract ABCD to Richey, describing it as follows: "Beginning at the Northeast corner of the J. K. Armstrong homestead tract of land; Thence North 50 yds. to stake for corner; Thence East 75 yds. to Moody Creek; Thence with the meanderings of said creek South to a point on said creek directly East from the said J. K. Armstrong's North East corner; Thence West 68 yds. to the place of beginning." The trial court found that both York and Richey intended that the deed should convey all of York's land north of the fence on line AD. The court further found that both parties thought that the deed actually conveyed all of the land to the south line of the Richey 40 acre tract, but, in fact, the description in the deed fell short of that line by 42 feet. The land in controversy, as shown by the shaded area in the sketch, is the strip owned by York that was not embraced by his deed to Richey. Richey went into possession of all of the land north of line AD, including the disputed tract, in 1912, straightened a bend in the creek upon a part of the land in suit, filled it with logs and brush so that he was later able to cultivate it, installed a water gap on the creek, and cleared a part of the land.

The trial court concluded that York and his assigns were estopped to assert title to any land north of the fence on line AD by reason of the fact that York had acquiesced in the fence along line AD as the common boundary.

The tract in controversy was never separately fenced after Richey went into possession. Plaintiff alleged facts to defeat

Richey's plea of limitation title under Article 5511, Vernon's Annotated Civil Statutes, which reads as follows:

"A tract of land owned by one person, entirely surrounded by a tract or tracts owned, claimed or fenced by another, shall not be considered inclosed by a fence inclosing the circumscribing tract or tracts, or any part thereof; nor shall the possession by the owner or claimant of such circumscribing land of such interior tract be the peaceable and adverse possession contemplated by Article 5510 unless the same be segregated and separated from the circumscribing land by a fence, or unless at least one-tenth thereof be cultivated and used for agricultural purposes, or used for manufacturing purposes."

Article 5515, Vernon's Annotated Civil Statutes, reads as follows:

" 'Adverse possession' is an actual and visible appropriation of land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another."

The trial court found that the tract in controversy was completely surrounded by land owned by Richey, and that it was not segregated by a separate fence, but the court also found that more than one-third of the tract in controversy was under cultivation for two years, and subsequently converted into a pasture and meadow for cattle for more than ten years; from which finding the court concluded that Richey acquired title under the Ten Year Statute of Limitation.

The Court of Civil Appeals held that York's acquiescence in the fence on line AD as the boundary between his land and Richey's because the line AD, the location of which is not in dispute, is not contiguous to the tract involved in this suit. The court further held that the requirement of Article 5511 was not met by cultivation for two years, and used as a pasture and meadow for more than ten years. Upon the motion for rehearing the court overruled Richey's contention that the judgment of the trial court was sustainable on the theory of parol sale, since there was no evidence in the record to show the value of the improvements made by Richey.

■ It should be noted that, although the suit originally was against several defendants for the fee simple title to the land, the parties stipulated in the Court of Civil Appeals that the judgment of the trial court should be affirmed as to the 7/8 lease-

hold interest in the land, because the owner of that interest has title emanating from both York and Richey. Therefore only the claims of Miller and Richey to the 1/8th royalty interest are involved here. Miller acquired his title from W. H. York with full knowledge of the facts, and thus can have no better title than York had.

■ We are of the opinion that York's acquiescence in the fence between his land and Richey's land does not have the effect of precluding his assertion of title to the tract in dispute. The Court of Civil Appeals correctly held that the law of agreed boundaries has no application to the facts of the instant case. The parties are agreed that the fence is on the true boundary. There is no uncertainty as to its location. Therefore York would have had no right to object to the location of that fence. Petitioner seems virtually to have abandoned his contention that title passed to him by reason of York's acquiescence in the common fence. His argument in this Court is directed to the proposition that York is estopped either to assert his title to the land or to plead Article 5511.

■ There is an absolute absence of any evidence in the record to support one of the elements of an estoppel. Petitioner contends that York is estopped because he placed Richey in possession of the land north of the fence, accepted the full purchase price for the land, and stood by for 28 years without asserting title while Richey made improvements on the land. Petitioner's argument would be forceful were it not for the fact that York was in complete ignorance of his rights until a time immediately prior to the institution of this suit. Estoppels are equitable in nature. They were created by a court of equity in order to promote justice and to prevent a party from benefiting by his own misleading representations, but it seems to be well settled that an estoppel will not operate against a person who stands by and allows another to deal with his property when the person sought to be estopped has no knowledge of his interest in the property. Moore v. Carey Bros. Oil Co., 246 S. W. 1083, aff. (Com. App.), 269 S. W. 75, 39 A. L. R. 1247, on rehearing 272 S. W. 440, 39 A. L. R. 1247.

■ This suit was in trespass to try title, not to reform the deed, so the land conveyed by York to Richey is controlled by the field notes contained in the deed, since they are specific and unambiguous. Gill v. Peterson, 126 Texas 216, 86 S. W. (2d) 629; Leonard v. Ramsey, 71 S. W. (2d) 606; McKee v. Stewart, 139 Texas 260, 162 S. W. (2d) 948; Harmon v. Overton Ref. Co.,

130 Texas 365, 109 S. W. ( 2d) 457; 14 Tex. Jur., p. 1028; 6 Texas Law Review, p. 458; 19 Amer. Jur., p. 628, sec. 30.

■ There is yet another reason why York is not estopped to claim title to the land in controversy. The field notes in the deed from York to Richey did not include the .25 of an acre. He accepted the deed with the description of the land contained therein. Therefore Richey had at least an equal opportunity to learn of the omission, and there is in fact no concealment. Richey was not deceived by York, or prevented from learning the true facts, by his reliance on any representation made by York. The knowledge of the parties was equal, and in such a case there is no estoppel. 17 Tex. Jur., p. 143.

With reference to petitioner's contention that he acquired title to the land in controversy by virtue of the Ten Year Statute of Limitation, the issue resolved itself into an inquiry whether the requirement that "at least one-tenth thereof be cultivated and used for agricultural purposes" has been complied with. The land in controversy is completely surrounded by land belonging to Richey, is not segregated from his other lands by a fence, and none of it is used for manufacturing purposes.

Article 5511 was enacted in 1891 to protect owners of small tracts when their tracts are entirely surrounded by a tract or tracts owned or claimed by another. Before the enactment of this Article many small land owners lost their land because the owner of the tracts surrounding the smaller tracts claimed the smaller tracts under the Ten Year Statute of Limitation. The Act was enacted to require the party owning a large tract, and claiming a smaller tract within the enclosure, to do something definite to give the owner of the smaller tract notice of the adverse claim. This statute has been construed often, and the conditions under which the owner of the larger tract could acquire title to the smaller tract have been definitely determined under such constructions. Title by Limitations in Texas (Simpkins), pp. 87 and 88; Vergara v. Myers (Com. App.), 239 S . W. 942.

The trial court found as follows:

"The evidence further shows that G. W. Richey farmed the strip in controverysy, or one-third or more of it, for two years, and during that time planted sugar cane and corn on the .25 acre tract. However, he determined that the tract in dispute was too wet to cultivate as he had done in the preceding two

years, and thereafter up until 1931, he turned the tract into pasture for his cattle. This tract of land involved herein, and at least more than a third of it, was used for a meadow and a pasture along with the other low land near the creek for approximately fifteen years."

■ It has been held that the use of land for grazing purposes only is not sufficient compliance with the statute. West Production Co. v. Kahanek, 132 Texas 153, 121 S. W. (2d) 328; Fuentes v. McDonald, 85 Texas 132, 20 S. W. 43; Mhoon v. Cain, 77 Texas 316, 14 S. W. 24.

In the case of Fuentes v. McDonald, supra, Judge Gaines, in rendering the opinion of this Court, said:

"There have been several cases decided in this court in which the effort has been made to show an adverse possession of land by merely grazing cattle and horses upon it, but it has uniformly been held that the possession was not sufficient to meet the requirements of the statute. Mason v. Stapper, (Tex. Sup.) 8 S. W. Rep. 598; Sellman v. Hardin, 58 Texas 86; Andrews v. Marshall, 26 Texas 212; Murphy v. Waelder, 58 Texas 241. * * * There must be an 'actual occupation of such nature and notoriety as the owner may be presumed to know that there is a possession of the land,' (Whitehead v. Foley, 28 Texas 291) 'otherwise a man may be disseised without his knowledge, and the statute of limitations run against him, while he has no ground to believe that his seizure has been interrupted,' Proprietors v. Springer, 4 Mass. 416."

In some cases the court of New York have held cutting of grass to be cultivation. Ramapo Mfg. Co. v. Mapes, 216 N. Y. 362, 110 N. E. 772; Shinnecock Hills & P. B. Realty Co. v. Aldrich, 132 App. Div. 118, 1 16N. Y. S. 532; In re Property Extending from Flushing Bay, etc., 166 Misc. 864, 2 N. Y. S. (2d) 374. In other states some courts have held that the gathering of natural crops from the land, such as grass, is not cultivation. American Emigrant Co. v. Rogers Locomotive Mach. Works, 83 Iowa 612, 50 N. W. 52; United States v. Shinn, 14 Fed. 447; Doolittle v. Tice, 41 Harb. 181; United States v. Niemeyer, 94 Fed. 147. In Corpus Juris Secundum, Vol. 25, p. 24, the word "cultivation" is defined as follows: "Plowing and preparing land for crops, or the raising of something that grows from the ground, besides grass. By the cultivation of land is ordinarily understood something more than the gathering of crops which grow spontaneously, or with little care." We think this definition of the word "cultivation" is more in harmony with

the decisions of this State and the spirit and letter of Article 5511.

■ Therefore the precise point for decision here is whether the use of part of the land as a meadow was sufficient use to comply with Article 5511 and 5515. The trial court found that the tract in controversy, to which York had the record title, was entirely surrounded by other tracts owned by Richey, and was not segregated therefrom by any fence. There was not evidence that any part of the tract in controversy was used for manufacturing purposes. Before Richey could recover this land by limitation he must have complied with that part of Article 5511 which requires that "at least one-tenth thereof be cultivated and used for agricultural purposes." The trial court found that there was cultivation for only two years. It is true that the court found that one-third of the land in controversy was used as a pasture and a meadow for cattle. That use did not meet the requirements of the statute. Here the cultivation did not exist for the limitation period of ten years, so Richey did not come within the requirements of Article 5511. The use of the land involved here by Richey, and claimed by limitation, under this record did not constitute an actual and visible appropriation thereof as required by Article 5515.

The judgment of the Court of Civil Appeals, reversing and rendering this cause, is affirmed.

Opinion delivered January 26, 1944.

Rehearing overruled February 23, 1944.