**BARGANIER v. GUEST et ux.**

No. 3009.

Court of Civil Appeals of Texas. Waco.

Feb. 28, 1952.

Rehearing Denied March 20, 1952.

Bartlett & Bartlett, Marlin, for appellant.

Dodson & Reagan, Marlin, for appellees.

HALE, Justice.

Appellant sued appellees in trespass to try title for two acres of land. Appellees answered with a plea of not guilty and a claim of ownership based upon the ten year statute of limitation, Vernon's Ann. Civ.St. art. 5510. The case was tried without a jury and resulted in judgment for appellees.

Under the two points upon which his appeal is predicated, appellant says the court erred in rendering judgment against him because (1) appellees were estopped to plead and rely upon limitation by reason of a judgment in a partition suit to which they were parties plaintiff and because (2) limitation was not available as a defense for the reason that consent had not been obtained to sue the school districts under which appellees claimed to deraign their title.

The record discloses that the Scottish-American Mortgage Co. was the owner in fee simple of a certain tract of land consisting of 60 acres situated in Falls County. By deed dated December 6, 1900, the mortgage company conveyed 58 acres of this land to H. Pelt, describing the same by metes and bounds as 60 acres "less two (2) acres sold for school purposes on N. side of tract, leaving 58 acres, more or less." On August 8, 1949, judgment was rendered in a partition suit among the heirs at law

of H. Pelt, appointing a receiver to sell the 58 acres, described by metes and bounds as 60 acres, "less two acres sold for school purposes on the north side of the tract, leaving 58 acres more or less," in order that the proceeds derived from such sale might be divided among the heirs at law of the deceased in the manner therein decreed. Mrs. W. I. Guest was a daughter of H. Pelt, and as such her husband joined her pro forma as a party plaintiff in the partition suit, they being the appellees herein. The 58 acres as described in the partition judgment was sold by the receiver to Lee Barganier, appellant herein.

This record does not show whether the Scottish-American Mortgage Co. did or did not convey any part of the 60 acre tract which it had sold for school purposes, but the evidence does show without any dispute that Busby Common School District in Falls County constructed a school house sometime about the year 1900 on two acres out of the southwest corner of the · 60 acres described in the deed from the mortgage company to Pelt, and it continued to maintain and operate a public school on such premises until it was merged with and taken over by Lott Independent School District. The latter school district thereafter continued to occupy and claim the premises upon which the school house was located, until June 26, 1950, when it sold the two acres here in controversy to W. I. Guest and conveyed the same to him by quitclaim deed.

The evidence further discloses that no school house was ever constructed upon any part of the 60 acre tract other than the two acres located in the southwest corner thereof. Appellant knew at the time he purchased from the receiver that he was not acquiring title to the entire 60 acre tract described by metes and bounds in the partition judgment and in the deed from the mortgage company to Pelt, because the two acres theretofore sold for school purposes was expressly excepted from the description of the 60 acre tract in such judgment and deed. Appellant also knew the two acres out of the southwest corner of the 60 acre tract had been used for many years for school purposes and he knew or should have known that no other part of the 60 acre tract of land had ever been used for school purposes.

■ We do not think the intended purpose or the legal effect of the partition suit was to divide, partition or in any wise litigate any right, title or interest which any person might have had in or to the two acres which had been sold prior to December 6, 1900 for school purposes. None of the parties to the partition suit was then in possession of the two acres situated in the southwest corner of the 60 acre tract as described in the pleadings and judgment, and none of such parties or any person under whom they claimed had been in possession thereof or asserted any right, title or interest in or to the same for 50 years. Consequently, we fail to see how W. I. Guest was in equity estopped by the partition judgment from pleading and relying in part upon the statutes of limitation as a proper basis for his asserted ownership of the two acres in controversy. 17 T.J. p. 143, Sec. 14 and authorities; Shear Co. v. Wilson, Tex.Com.App., 294 S.W. 843; Richey v. Miller, 142 Tex. 274, 177 S.W.2d 255, 170 A.L.R. 832; Harrison v. Manvel Oil Co., 142 Tex. 669, 180 S.W.2d 909.

■ We recognize the general rule that the State of Texas cannot be sued without its consent and that, in suits against the State, limitation does not ordinarily begin to run until such consent is given. However, we know of no reason why H. Pelt would have had any occasion to sue the State of Texas, or why he should have secured the consent of the State in order to have properly instituted an action in trespass to try title against the trustees of Busby Common School District for the purpose of recovering from them the possession of the two acres here in controversy, if he or those claiming under him had seen fit to do so. 38 T.J. p. 859, Sec. 37 and authorities. Hence, we are of the opinion that the plea of limitation herein asserted by appellees was available to them as assignees of the school districts and that such plea and the evidence adduced thereunder constituted a vaild defense to the cause of action asserted by appellant.

Because we have concluded the trial court did not err in denying appellant any recovery under the pleadings and evidence in this case, the judgment appealed from is affirmed.

LESTER, C. J., took no part in deciding this case.