**H. M. HARRELL et al., Appellants,**

v.

**ATLANTIC REFINING COMPANY,**
Appellee.

No. 3720.

Court of Civil Appeals of Texas.

Waco.

Oct. 6, 1960.

Rehearing Denied Nov. 3, 1960.

Elledge & Urban, Vinson, Elkins, Weems & Searls, Tarlton Morrow, Ernest S. Fellbaum, Houston, for appellants.

Blades, Crain, Slator & Winters, Houston, for appellee.

**McDONALD, Chief Justice.**

This is a suit for declaratory judgment filed by Atlantic Refining Company as plaintiff, against H. M. Harrell and others as defendants, seeking a determination of the common boundary line between oil and gas leases held by plaintiff and defendants. Graves and Taub own the fee to all of the land here involved (as well as surrounding lands) and are the common lessor to both plaintiff and defendants.

It is believed that the schematic diagram of the area involved which follows, will facilitate a better understanding of the situation presented for solution:

Schematic Diagram

In October 1940 Graves-Taub executed an oil and gas lease to defendant Harrell as lessee. The description in such lease so far as relevant is as follows:

"Tract 2: Being the South 200 acres of the Manuel Tarin Survey, Abst. #778, lying East of U. S. Highway No. 75, as now owned by lessors.

"Tract 3: Being all of the H. T. & B. R. R. Co., Survey, Section 8, containing 671.6 acres * * *."

In 1955 Graves-Taub executed an oil and gas lease to the Houston Oil Company which lease was assigned in 1956 to plaintiff Atlantic Refining Company. The description in this lease, in so far as relevant, is as follows:

"Tract No. 1. 440, 92 acres, more or less, in the Manuel Tarin Survey, Abst. 778, Harris County, Texas, and being all of the said Manuel Tarin Survey lying east of the Highway 75, and south of the Westfield and Bammel County Road, save and except the south 200 acres heretofore leased to H. M. Harrell as Tract 2 in lease dated Oct. 14, 1940 * * *.

"It being the intention of the lessors herein to lease all of the land owned and/or claimed by them in the said Manuel Tarin Survey, save and except that certain 200 acres heretofore leased to H. M. Harrell by lease dated Oct. 14, 1940 * * *."

In 1923 Graves & Taub employed the surveying firm, Howe and Wise to survey their lands (some 4,000 acres) and prepare a map of same. The map so prepared showed the south boundary of the Manuel Tarin Survey to be on a line extended east from the south line of the Walters survey. Graves and Taub had this map exhibited in their office when they sold defendant Harrell the lease on the "South 200 acres lying East of highway 75." Henderson, the original surveyor of the Walters and Tarin Surveys, who surveyed the area in 1840, and the map of same on file in the General Land Office; a map on file in the Harris County Surveyor's Office; and the witness surveyors, Boyles and Ellis, (who actually surveyed on the ground

the area in controversy), place the south line of the Tarin Survey approximately 858 feet, and 891 feet respectively, south of the line which the Howe & Wise 1923 map placed same.

Plaintiff contended that the true south line of the Manuel Tarin Survey was as placed by surveyor Boyles; that the lease to defendant was unambiguous, and that the 200 acres contained in such lease should be ascertained by computing a 200 acre tract based on the south line of the Tarin survey as surveyed out and testified to by surveyor Boyles.

Defendants contended, among other things, that the south line of the Tarin Survey was as depicted on the Howe & Wise 1923 map; but that in any event since the Howe & Wise 1923 map was used by Graves & Taub as the basis for the sale of the lease to them, and was relied upon by them, as well as the basis for the execution of a number of other leases and conveyances out of the Tarin and adjoining surveys, that an estoppel arose against plaintiffs from denying, as against them, that the south line of the Tarin is located on the Howe & Wise 1923 map.

Trial was to a jury. The jury found that the true location of the south line of the Tarin Survey is the line as placed by Boyles. The Trial Court on the jury verdict rendered judgment for plaintiff, and fixed the south line of the Tarin Survey at the line found by the jury, and decreed the boundary line between plaintiff and defendants' leases by computing defendants' 200 acre lease just north of the south boundary line of the Tarin Survey as fixed by surveyor Boyles and found by the jury. It was agreed between the parties that the north line of defendants' lease was an east-west line parallel to the south line of the Tarin Survey, and placed at a distance arrived at by computing 200 acres to be contained in the area.

Defendants appeal contending:

1) & 2) Certain deeds and leases in plaintiff's chain of title estop plaintiff from contending that the south line of the Tarin Survey is not located at the position as placed on the Howe & Wise 123 map.

3) The Trial Court erred in refusing to submit to the jury defendants' requested issue No. 1. Do you find that the boundary line between the Tarin Survey and H. T. & B. R. R. Survey No. 8 is located as shown on the Howe & Wise 1923 map?

4) The Trial Court erred in excluding the evidence that the lessors in the lease to defendant Harrell, in describing as the Second Tract: "the South 200 acres of the Tarin Survey, lying east of Highway 75, *as now owned by lessors*", used the words *"as now owned by lessors"*, to refer to the land in the Tarin Survey as depicted on the Howe & Wise 1923 map.

5) The Trial Court erred in refusing to submit to the jury Defendants' Requested Issue 3, Do you find from a preponderance of the evidence that Houston Oil Company had notice at any time prior to its acquisition of the lease from Graves-Taub covering the land in the Tarin Survey, that the intention of the common lessor was to lease to defendant Harrell land based on the south line of the Tarin Survey as shown by the Howe & Wise 1923 map?

6) The Trial Court erred in refusing to hold that the recitals in the plaintiff's lease put plaintiff on notice that defendant Harrell had certain rights in the Tarin Survey and put plaintiff on inquiry to determine the character and extent of such rights.

7) The construction of a gas well by defendant Harrell put plaintiff on inquiry of the extent of the claims and title of defendant.

8) The Trial Court erred in refusing to admit certain leases and deeds into evidence.

9) The Trial Court erred in overruling the demand of defendant to require the production of the title opinion rendered for Houston Oil Company by its attorneys on the lease purchased by Houston Oil Company and assigned to plaintiff.

Defendants' 1st and 2nd contentions are that certain deeds and leases in plaintiff's chain of title estop plaintiff from asserting that the South line of the Tarin is not located as depicted on the Howe & Wise 1923 map.

Basically the situation before us is as follows: Graves-Taub, the common lessor, leased to defendants Harrell, et al., "the south 200 acres of the Manuel Tarin Survey, lying east of Highway 75, as now owned by us"; and thereafter leased to plaintiff all land in the Manuel Tarin Survey "except the South 200 acres leased to defendant Harrell". Both leases are clear on their face and are unambiguous. Defendant Harrell contends however that because the common lessors' title to an undivided $2/3$ interest contained instruments which placed the south line of the Tarin Survey as an extension of the south line of the Walters survey; and because the common lessor had a map (prepared by Howe & Wise in 1923) which showed the south line of the Tarin as an extension of the south line of the Walters Survey, on display in his office which defendant says he relied on in purchasing the lease to the south 200 acres, that *plaintiff* is estopped to assert that the south line of the Tarin is at any other location.

The instruments by which both plaintiff and defendants own leases in the Tarin, are clear and unequivocal and unambiguous as to the acreage leased. The evidence in the case clearly and amply upholds the jury finding that the true south line of the Tarin Survey is at the point testified to by surveyor Boyles and located some 858 feet south of the line contended for by defendants (and marked in a solid line on the schematic diagram).

The record in the case reflects that plaintiff Atlantic and Atlantic's assignor, Houston Oil Company, were bona

fide purchasers for value and cannot be bound by mutual mistake, if any, which might have existed between Graves-Taub and defendants. Defendants contend, however, that plaintiffs are estopped to assert that the south line of the Tarin is other than where defendants contend by reason of certain deeds into Graves and Taub. The deeds referred to convey only an undivided ⅔ interest into Graves. Deeds to the other undivided ⅓ interest recite the south line of the Tarin to be substantially as placed by the jury. Moreover, the deeds to the ⅔ undivided interest relied on by defendants refer expressly to a previous deed (Bute to Blakeley) for a better description which places the south line of the Tarin substantially at the location found by the jury. See Humble Oil & Refining Co. v. State, Tex.Civ.App., 162 S.W.2d 119, w/e refused. Defendants' 1st and 2nd contentions are overruled.

■ Defendants' 3rd contention is leveled at the refusal by the Trial Court to submit an issue to the jury inquiring if the south boundary line of the Tarin Survey was in fact located as shown on the Howe & Wise 1923 map. The undisputed evidence of defendants' own witnesses reflects that the surveyor Bosworth (who made the Howe & Wise 1923 map), never attempted to locate on the ground the south line of the Tarin Survey, and that the line as reflected on said map was a draftsman's error. Such line on the Howe & Wise 1923 map is of no probative value and insufficient as a matter of law to raise any issue of fact as to the location of the south line of the Tarin. Defendants' 3rd contention is overruled.

■ Defendants' 4th contention is that the trial court erred in excluding evidence that the words "as now owned by lessors" in defendants' lease, referred to the Howe & Wise 1923 map.

■ The description in defendants' lease we think is unambiguous. The inclusion of the general language "as now owned by us", does not make the instrument ambiguous. In construing a description which is manifest and unambiguous, extrinsic evidence is not admissible to vary the terms of the instrument. Haley v. Murray, Tex. Civ.App., 177 S.W.2d 333, w/e ref. W. M.; Zeppa v. Houston Oil Co., Tex.Civ.App., 113 S.W.2d 612, w/e refused. Defendants' 4th contention is overruled.

■ Defendants' 5th and 6th contentions are to the effect that the common lessor and defendants intended to lease the 200 acres based on the Howe & Wise 1923 map, and that plaintiffs were put on notice of such fact.

Plaintiffs' and defendants' leases are unambiguous. The record reflects that defendant Harrell had in his possession a ground survey of the area showing the south line of the Tarin to be substantially at the location contended for by plaintiff and as found by the jury, at the time he leased the 200 acres; further that Harrell was an experienced and successful oil producer and operator who had been in such business for many years.

We think that since Harrell had the means to know the true location of the south line of the Tarin that mutual mistake cannot be sustained. Walton v. Steffens, Tex.Civ.App., 170 S.W.2d 534, w/e ref. W. M. In any event, it has not been shown that plaintiffs were on notice of same. Defendants' 5th and 6th contentions are overruled.

■ Defendants' 7th contention is that the construction of a gas well by defendant put plaintiff on inquiry as to the extent of the claims and title of the defendant. The record reflects that defendants constructed or drilled no wells in the area in controversy. Wells drilled on property to the south and not involved herein could put plaintiffs on notice of nothing. Defendants' 7th contention is overruled.

■ Defendants' 8th contention is that the Trial Court erred in refusing to admit

certain leases and deeds into evidence which contained factual recitals concerning the location of the south line of the Tarin, as contended for by them. The instruments in question covered only property located *west* of Highway 75; were not in plaintiff's chain of title, and were not properly admissible into evidence. Defendants' 8th contention is overruled.

Defendants' 9th contention complains of the action of the Trial Court in overruling demand of defendant to require the witness Mock to produce the title opinion rendered Houston Oil Company by its attorneys on the lease purchased by Houston Oil Company and assigned to plaintiff.

The record reflects that the witness Mock did not have the opinion, and further that same was a privileged communication between attorney and client. This contention is overruled.

It is our view that defendants' position for reversal is in fact bottomed upon assertions of estoppel by deed, and of mutual mistake. We think plaintiff cannot be estopped to assert that the south line by the Tarin is not located as shown by the Howe-Wise 1923 map. Both the Graves-Taub leases to plaintiff and defendants are unambiguous on their face. True, there is one conveyance in plaintiff's chain of title, to an undivided ⅔ interest thereof, which describes the south line of the Tarin as is portrayed on the Howe-Wise 1923 map, but such conveyance further makes reference to an older deed in the chain for a better description, which older deed describes the south line of the Tarin in the location as found by the jury, and as testified to by surveyor Boyles.

Defendants cannot prevail on the theory of mutual mistake. If there existed a mutual mistake it was between Graves-Taub and defendants. Such could not bind plaintiff as a good faith subsequent purchaser for value without notice.

As to both estoppel and mutual mistake, neither principle under the factual situation before us, can give relief to defendants from the specific and unambiguous descriptions in the instruments herein involved. This is true because defendants had equal and ample means of information, as to the true location of the south line of the Tarin Survey, in their possession at the time they took their lease from Graves-Taub. See Richey v. Miller, 142 Tex. 274, 177 S.W.2d 255, 170 A.L.R. 832.

All of defendants' points and the contentions thereunder are overruled, and the judgment of the trial court is affirmed.