Ellis D. WHEELER, Appellant,

v.

S. E. WHITE, Appellee.

No. 6692.

Court of Civil Appeals of Texas.

Beaumont.

Nov. 12, 1964.

Rehearing Denied Dec. 30, 1964.

Adams & Browne, Beaumont, for appellant.

Keith, Mehaffy & Weber, Beaumont, for appellee.

PARKER, Justice.

This is a suit upon a written instrument drawn by laymen executed July 26, 1956, by the appellant Ellis D. Wheeler and the appellee S. E. White. In this memorandum, for valuable consideration, White agreed to obtain $70,000.00 for Wheeler for the purpose of constructing improvements on land belonging to Wheeler described in the written contract. This loan was described as follows:

"The loan to be made by, or obtained by, Party of the Second Part for the Party of the First Part, and to be in the sum of Seventy Thousand and no/100 ($70,000.00) Dollars and to be payable in monthly installments over a term of fifteen (15) years and bear interest at a rate of not more than six (6%) per cent per annum."

The loan was to be obtained on or before six months from the date of the contract, either from funds belonging to White or from third persons. In either event, appellant agreed to sign all necessary papers required of lender to create proper liens.

Since judgment for appellee was entered upon his exceptions to appellant's pleadings, the substance of allegations contained in appellant's pleadings are treated as facts herein. After the making of the contract, White assured Wheeler that he would provide the money for the new construction. At the request of White, and relying upon White's statement the money for the loan was available, Wheeler razed the existing building and otherwise prepared for the prompt erection of a new building. Then White told Wheeler there would be no loan. White had ample funds to make the loan. Wheeler was unable to obtain a loan elsewhere. Appellant Wheeler sued White for damages as a result of his breach of the

contract, the damages consisting of architectural fees of $400.00, the loss of the building demolished of a market value of $58,500.00, and other damages amounting to $130,200.00 according to the allegations in appellant's petition. Appellant also pleaded estoppel on the part of appellee to deny the validity of the contract, if it be indefinite in its provisions and too uncertain to be a contract, because appellee's act in representing to appellant that the money would be forthcoming and urging appellant to make ready for the construction, was relied upon by appellant, moving him to incur the damages sued for. In the trial court, appellee urged two exceptions, to-wit:

"SPECIAL EXCEPTION NO. 1

"Defendant specially excepts to the whole of said petition for the reason that the same fails to state a cause of action in that the instrument sued upon is too indefinite and uncertain to authorize a judgment against the defendant for the following reasons:

"(a) The same does not contain the essential terms of a contract expressed with such certainty and clarity that it may be understood without recourse to parol evidence to show the intention of the parties in that the amount of the monthly installments is not set forth.

"(b) The same does not contain the essential elements of a contract with sufficient certainty to show the amount of interest due upon the obligation 'not more than six per cent (6%) per annum' being vague, general, and indefinite, and requiring recourse to parol evidence.

"(c) The same does not provide how and when the interest would be paid, i. e., would the interest be paid annually on the unpaid balance, or would the interest be amortized and provide. that the deferred balance be paid in unknown installments, or would the payment or interest be deferred until the last payment on principal? Thus, the said contract is not so expressed that the Court can with reasonable certainty determine what is the duty of each party and the conditions under which performance is due.

"(d) The terms of said instrument are so vague, general and indefinite, in the respects aforesaid, that it would be inequitable to carry a contract into effect where the Court is left to ascertain the intention of the parties by mere guess or conjecture, because it might be guilty of erroneously decreeing what the parties never intended or contemplated.

"SPECIAL EXCEPTION NO. 2

"Defendant specially excepts to Paragraph 7 of said petition for the reason that said paragraph and the facts therein alleged are insufficient as a matter of law to set up any ground of recovery by the plaintiff. In this connection, your defendant would show that by his plea of estoppel, plaintiff is attempting to give vitality to an otherwise unenforceable agreement, and the allegations tendered in support thereof in such Paragraph 7 are insufficient as a matter of law to establish any ground of recovery in the premises."

The trial court sustained such special exceptions and granted appellant leave to amend his petition so as to. cure the defects in his third amended original petition as were "pointed up by defendant's special exceptions". Appellant declined to accept the leave granted to him by the trial court and declined to amend his petition. Thereupon, the trial court dismissed the suit with the judgment providing that "plaintiff herein, Ellis D. Wheeler, shall take nothing from the defendant S. E. White, by reason of this suit, and the defendant S. E. White, shall go hence without day."

◼ Appellant's first four points of error are as follows:

"1. Error of the court in holding that the instrument sued upon was too

indefinite and uncertain to authorize a judgment against the defendant.

"2. Error of the court in holding that the written agreement sued upon did not contain the essential terms of the contract expressed with such certainty and clarity that it could be understood without recourse to parol evidence to show the intention of the parties as to the amount of the monthly installments.

"3. Error of the court in holding that the written agreement sued upon was not sufficiently certain to show the amount of interest due upon the obligation.

"4. Error of the court in holding that the wording of the written agreement: 'not more than six (6%) per cent per annum' was too vague, general and indefinite requiring recourse to parol evidence."

Both appellant and appellee have cited the opinion of Bryant v. Clark (Tex.S.Ct. 1962), 358 S.W.2d 614, 616, in which:

"The contract provides for the payment of the deferred balance of the purchase price of the property in fifteen annual installments, but it contains no provision with respect to the amount of the several installments. * * *"

The Supreme Court held it could not write the contract for the parties by saying that it was reasonable that the fifteen annual installments were to be paid in equal amounts since it was not otherwise provided.

Also in Bryant v. Clark, supra, the contract provided for six per cent (6%) interest on the deferred balance, but did not provide when the interest was payable or in what amounts. The Supreme Court held this provision was too uncertain to be enforced.

Appellant's points 1, 2, 3 and 4 are overruled.

Appellant's point 5 is as follows:

"Error of the court in holding that the allegations of estoppel by Wheeler are insufficient as a matter of law to establish any ground for recovery."

The allegation of estoppel on the part of appellant includes the allegation that:

" * * * if for any reason said contract is not sufficiently specific and definite, then nevertheless defendant is estopped to so claim and to set up any insufficiency because of the defendant's act in entering into said contract and exhorting plaintiff to clear the premises to make ready for the construction and defendant's representations after the date of said contract to proceed with the demolition of said buildings and clearing the site and that the money would be forthcoming and that defendant would obtain said loan and if for any reason said money could not be obtained elsewhere then said defendant would himself loan the money and plaintiff in reliance on said contract and said exhortations and said representations, both in said contract and given verbally by the defendant after the date of said contract defendant is estopped to claim any deficiency of said contract. In this connection plaintiff shows that defendant's failure and refusal to lend said funds himself was arbitrary and wilful because defendant was well able financially to lend said funds he being a millionaire several times."

Both parties signed the contract. Appellant and appellee had equal knowledge of the contents of the contract which made it invalid as a matter of law. Generally, when one party has equal means as the other party, of knowing facts and determining their consequence, estoppel will not lie. Richey v. Miller (1944), 142 Tex. 274, 177 S.W.2d 255, 257, 170 A.L.R. 832. The appellee did make representations that moved the appellant to change his position for the worse. Demolishing the old building was done by

mutual consent. Appellant sustained damages. Appellee did not profit or gain in any manner by his dealings with appellant. In Wilson v. Fisher (1945), 144 Tex. 53, 188 S.W.2d 150, the Supreme Court said on p. 152:

"If the contract is insufficient it not only precludes recovery for specific performance but also for damages for the breach thereof. This is true because an 'action for damages for the breach of a contract is, in effect, an action for its enforcement, and the statute, in denying an action for its enforcement, likewise denies an action for damages for its breach.' Alworth v. Ellison, Tex.Civ.App., 27 S.W.2d 639, 640, writ refused."

Appellant's Point 5 is overruled.

Judgment of the trial court is affirmed.