Priscilla H. CONNALLY, Appellant,

v.

The HOME INSURANCE COMPANY, Appellee.

No. 8511.

Court of Civil Appeals of Texas, Amarillo.

May 30, 1975.

Rehearing Denied July 14, 1975.

Sanders, Scott, Saunders, Brian & Finney, Joseph M. Pritchard, Amarillo, for appellant.

Johnson, Guthrie, Billings & Nash, Robert Lee Guthrie and William F. Billings, Dallas, for appellee.

ROBINSON, Justice.

After the expiration of the limitations period provided for in her insurance contract, plaintiff, Priscilla H. Connally, filed suit for hail damage to the roof of her home. The trial court entered an instructed verdict for defendant, Home Insurance Company. Plaintiff appealed contending that evidence that defendant's adjuster, Mr. Romans, represented to her that the life of her roof was not affected by the hail storm and that she relied on his representation together with evidence that leaks more than three years later were caused by the hail storm in question raised issues that defendant was estopped to assert the limitations period. Affirmed.

The following elements must be proved in order to establish an estoppel: that the party to be estopped made (1) a false representation or concealment of material facts (2) with actual or constructive knowledge of the facts (3) to a party without knowledge or the means of obtaining knowledge of the real facts (4) with the intention that it be acted on (5) which was relied on or acted on by the party to whom it was made to his detriment. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (1952); *Concord Oil Co. v. Alco Oil and Gas Corp.*, 387 S.W.2d 635 (Tex.1965); *Lunsford v. Sage, Inc. of Dallas*, 438 S.W.2d 615 (Tex.Civ.App.—Houston [1st Dist.] 1969, ref'd n. r. e.). The burden of proving the essential elements of estoppel is on the party asserting it. *Concord Oil Co. v. Alco Oil and Gas Corp., supra.* Failure to prove one of the essential elements is fatal. *Barfield v. Howard M. Smith Company of Amarillo*, 426 S.W.2d 834 (Tex.1968).

■ In determining whether there is evidence to support the submission of issues to the jury, this court must look at every element of estoppel and determine whether there is any evidence to support that particular element. If there is no evidence to support any one element, then the appellant has failed to present enough evidence to raise fact issues of estoppel.

■ In determining whether the evidence raises an issue for submission to the jury, the evidence must be viewed in the light most favorable to the party against whom the verdict was instructed, disregarding contrary evidence and inferences. *Anderson v. Moore,* 448 S.W.2d 105 (Tex.1969); *Tripp v. West Texas Utilities Company,* 461 S.W.2d 224 (Tex.Civ.App.—El Paso 1970, writ ref'd n. r. e.).

■ Plaintiff offered evidence as follows. Plaintiff's home was in a severe hail storm on June 17, 1969. She reported the possible damage to Jim Perkins, local recording agent for defendant, who sent an adjuster, Mr. Romans, to look at the roof. Romans told plaintiff that her cedar shake roof was not damaged except for pitting which would not affect the life of the roof. Plaintiff asked Perkins if she should have someone else check the roof. He told her that the adjustment bureau had a good reputation, but that he would have them send another adjuster. A second adjuster checked the roof and reported to Perkins that there was no loss. Perkins relayed this report to plaintiff.

On August 10, 1972, plaintiff discovered that her roof was leaking. She had the whole roof replaced and on January 19, 1973, filed suit against defendant for the cost of replacement less the $100.00 deductible provided for in the policy.

The roofer who replaced the roof testified that the shakes were dented and split, that the leaks were caused by two holes in the hot mopped roof under the cedar shakes, and that the damage had been caused by a hail storm. He further testified that he did not know the condition of the roof in 1969, that the splits in the shakes would not appear on the surface immediately, but might appear six months or a year or two later, and that holes in the hot mopped roof could not be seen without removing the shakes. Plaintiff offered evidence that there had been no hail storm of sufficient intensity to damage a shake roof between June 17, 1969, and the time the leaks appeared.

There was no evidence that Romans knew that the roof was damaged nor was there evidence of deliberate false representation or concealment of any fact on his part. Plaintiff's evidence shows that she knew that nearby roofs were being replaced because of the hail storm and knew that she could have a third party check the roof to give her his opinion concerning damage. There was no evidence that plaintiff did not have the means to acquire knowledge of whatever facts were capable of ascertainment at the time Romans inspected the roof.

■ One of the requirements of estoppel is that the party claiming the estoppel was without knowledge or the means of acquiring knowledge of the facts which the party to be estopped is alleged to have represented by his acts, conduct or silence. *Richey v. Miller,* 142 Tex. 274, 177 S.W.2d 255 (1944); *Page v. Arnim,* 29 Tex. 53 (1867); *Hunt v. W.O.W. Life Ins. Soc.,* 153 S.W.2d 857 (Tex. Civ.App.—Fort Worth 1941, writ ref'd). Before an estoppel can be raised there must be certainty to every intent and the facts alleged to constitute it are not to be taken by argument or inference. *Gulbenkian v. Penn, supra.* Plaintiff has, therefore, failed to meet his burden to offer evidence on each and every element of estoppel.

Plaintiff's contention that she was entitled to have the question of estoppel submitted to the jury is overruled. We do not reach appellee's cross points. The judgment of the trial court is affirmed.